FREDERICK F. HASSAM *vs.* ADELINE BARRETT & others.

Suffolk.    March 25. — September 9, 1873.    COLT, J., absent.
            April 4. — June 20, 1874.    COLT, J., absent.

A deed absolute in form may in equity be shown by oral evidence to have been intended as security for a debt.

The relief afforded by equity in declaring a conveyance of real estate, absolute in form, to be a mortgage, where it is shown by oral evidence that it was given as security for the payment of a debt, is given on purely equitable grounds, and in the absence of such equitable consideration, the relief will be refused.

A voluntary conveyance of land absolute in form made by a debtor to one creditor in order to defraud his other creditors will not be deemed an equitable mortgage by proof of a subsequent oral agreement between the grantor and the grantee, whereby the latter agreed to reconvey on payment of the amount due him.

BILL IN EQUITY against the administrators and the heirs of George Barrett, deceased, to compel the reconveyance of a certain parcel of real estate, conveyed by the plaintiff to said Barrett by a deed absolute in form, but which the bill alleged was agreed between the parties to be security for a debt which the plaintiff owed Barrett. The bill did not allege that the agreement to that effect was in writing; the plaintiff offered to pay such sum as should be found due to the defendants.

The defendants demurred to the bill assigning for grounds of demurrer, that the agreement set forth, being in regard to an interest in lands, and not to be performed within one year from the making thereof, was not expressed to be in writing.

*S. J. Thomas*, for the defendants.

*B. E. Perry & S. W. Creech*, for the plaintiff.

WELLS, J. The questions raised by this demurrer have been discussed at length in the case of *Campbell* v. *Dearborn,* 109 Mass. 130, which was under consideration by the court when this case was argued. The decision in that case covers the ground of this and the demurrer must be                    *Overruled.*

The defendants having put in an answer, the case was heard before *Morton,* J., who reserved it for the consideration of the full court on the following report :

" On January 8, 1856, the plaintiff was the owner of the premises described in his bill, subject to a mortgage for $1500. He had a partner in business, who, for his private speculations, issued the notes of the firm to a large amount, rendering the firm and the partners insolvent. George Barrett was a creditor of the plaintiff, individually, to the amount of $2250. For the purpose of securing Barrett and of preventing the creditors of the firm from reaching this property by attachment or proceedings in insolvency, the plaintiff made a deed, absolute in form, of the premises, to Barrett, and caused it to be recorded without Barrett's knowledge. Afterwards, within a month, he informed Barrett of the fact, and the following oral agreement was then made : Barrett was to pay the $1500 mortgage, and to hold the property as security for the amount paid and his debt of $2250, with interest at the rate of seven per cent. per annum. The plaintiff was to pay Barrett $315 a year in the form of rent for the premises. As this amount exceeded the interest agreed on, it was agreed that upon a settlement the excess should be allowed to the plaintiff, with interest at the same rate of seven per cent. ; and upon such settlement, and the payment to Barrett of the amount found to be due, he was to convey the estate to the plaintiff.

" The plaintiff occupied the estate under this arrangement, paying taxes and repairs and paying the yearly sum of $315 in the form of rent, until the death of Barrett. In July 1866, the parties accounted together orally, and it was found that, allowing for the excess of yearly payments over interest, and some other payments made by Hassam, there was then due Barrett $3000. Barrett soon after became insane, and remained insane until his death in 1869.

" It also appeared that Hassam has, since this deed was given, settled with his creditors.    Upon these facts the case is reported for the determination of the full court, such judgment to be entered as it shall deem proper."

*B. E. Perry & S. W. Creech*, for the plaintiff.

*S. J. Thomas*, for the defendants.

WELLS, J.    This action cannot be maintained upon Barrett's oral agreement to reconvey the land, Gen. Sts. *c.* 105, § 1, and *c.* 100, § 19 ; nor by regarding the conveyance to him by the plaintiff as voluntary and unsupported by a legal consideration. *Blodgett* v. *Hildreth*, 103 Mass. 484.    *Titcomb* v. *Morrill*, 10 Allen, 15.    *Bartlett* v. *Bartlett*, 14 Gray, 277.

The demurrer was overruled because the bill alleged that the deed was given merely for security of a debt, and that the whole transaction constituted, in equity, only a mortgage, upon the principle established in *Campbell* v. *Dearborn*, 109 Mass. 130. But the theory of that decision is that dealings between borrower and lender of money, or debtor and creditor, conducted by requiring an absolute deed for security, and a renunciation of all legal right of redemption, are so significant of oppression, and so calculated to invite to or result in wrong and injustice on the part of the stronger towards the weaker party in the transaction, as in themselves to constitute a quasi fraud against which equity ought to relieve ; as it does against the strict letter of an express condition of forfeiture.    The grounds of relief being purely equitable, it may and should be refused if the equitable considerations upon which it rests are wanting.

In the present case they are manifestly so.    The plaintiff himself, without any pressure or inducement from his creditor, appears to have taken advantage of the existence of his debt to Barrett to give validity to his deed, by furnishing for it a legal consideration ; and thereby more certain efficiency to his attempt to defraud his other creditors.    We do not feel called upon to defeat that purpose ; unless it be in behalf and for the benefit of those whom he intended to defraud.

Fraud against creditors cannot be set up, it is true, by any one not standing upon the rights of a defrauded creditor, to defeat any legal claim or interest which the fraudulent debtor may seek to enforce.    But such a party is in no condition to ask a court of

equity to interfere actively in his behalf, to secure to him the fruits of his fraudulent devices. One who comes for relief into a court whose proceedings are intended to reach the conscience of the parties, must first have that standard applied to his own conduct in the transactions out of which his grievance arises. If that condemns himself, he cannot insist upon applying it to the other party. The result is, the plaintiff must go out of court.

*Bill dismissed, with costs.*