NANCY D. LEGGATE *vs.* ELBRIDGE G. MOULTON.

Suffolk.   March 12. — September 30, 1874.   COLT & ENDICOTT, JJ.,
absent.

The question whether a cause of action survives after the death of the plaintiff, may
be raised by demurrer.

An action for fraudulent representations by means of which a person was induced
to part with real estate, does not survive by force of the Gen. Sts. *c.* 127, § 1.

An action for wrongful and fraudulent acts of the defendant which induced a court
to set aside a verdict obtained by the plaintiff, if ever maintainable, does not sur-
vive, after the death of the plaintiff, by force of the Gen. Sts. *c.* 127, § 1, if no
damage is alleged to have been done to any specific estate of the intestate.

TORT.   The defendant demurred to the declaration ; and
before the demurrer came on for hearing the plaintiff died, and
her administrator came in to prosecute the action ; whereupon
the defendant assigned as another ground of demurrer that the
causes of action set forth in the declaration did not survive.
Hearing before a single justice of this court, who sustained the
demurrer and ordered judgment for the defendant.   The plaintiff
appealed to the full court.   The nature of the declaration is set
forth in the opinion.

*W. F. Slocum & W. S. Slocum,* for the defendant.

*C. Cowley,* for the plaintiff.   1. The question whether this
action does or does not survive the plaintiff's death cannot be
raised upon demurrer.

2. When the wrong has been the source of profit or pecuniary
advantage to the wrongdoers, or has caused a loss or diminution
of estate to the aggrieved person, the right of action survives
independently of any statute.   *Pitts* v. *Hale,* 3 Mass. 321.   *Mel-
len* v. *Baldwin,* 4 Mass. 480.   *Stetson* v. *Kempton,* 13 Mass. 272.
*Cravath* v. *Plympton,* 13 Mass. 454.   *Wilbur* v. *Gilmore,* 21
Pick. 250.   *Middleton* v. *Robinson,* 1 Bay, 58.   *Nettles* v.
*D' Oyley,* 2 Brev. 27.   *Hambly* v. *Trott,* Cowp. 371.

DEVENS, J.   The question whether the causes of action under
either count of the declaration survive to the administrator who
has come in to prosecute the suit, the original plaintiff having
deceased, may properly be presented by demurrer.   The decla-
ration shows upon its face that the suit is for injuries alleged to
have been done to the property of the intestate in her lifetime.

'The first count is for an alleged imposition upon the intestate, by means of false and fraudulent representations to her of the character and pecuniary ability of one McLaughlin, by which she was induced to part with her real estate to McLaughlin, who defrauded her of the value of it. That the action on this count is one which would survive by the common law or the English statutes in aid of it which have been adopted here, is not contended. But it is argued that it may be maintained under the Gen. Sts. *c.* 127, § 1, which provide that in addition to the actions which survive at common law, actions for "damage done to real or personal estate" shall also survive ; and that, within the meaning of the statute, it is a damage done to the estate of the intestate, because she was induced by the fraud of the defendant to convey it to one who unjustly deprived her of the payment therefor. The statute was however intended to give a remedy which should survive only for injuries of a specific character to real or personal estate, and not to include actions for damages for frauds committed upon the intestate, by which she might have been induced to part with her property at less than its value, or so to conduct herself on account of the confidence reposed by her in the party thus deceiving her as to diminish her property. The gist of the action in the present count is the fraud ; the real estate has sustained no damage or injury ; but the fraud of the defendant induced the intestate to part with it under circumstances which prevented her from receiving its value.

In *Read* v. *Hatch*, 19 Pick. 47, an action brought for fraudulently recommending one as in good credit, by which the plaintiff was induced to sell him goods on credit, was held not to be embraced in the provisions of the Rev. Sts. *c.* 93, § 7. The difference between that and the present case is that there the question arose on the death of the defendant ; but the principle upon which it was decided, that "a mere fraud or cheat by which one sustains a pecuniary loss cannot be regarded as a damage done to personal estate," conclusively settles that the cause of action set forth in the first count does not survive. To the same effect are *Cutting* v. *Tower*, 14 Gray, 183 ; *Stillman* v. *Hollenbeck*, 4 Allen, 391 ; *Cummings* v. *Bird*, *ante*, 346.

Similar considerations compel us to hold that the cause of action set forth in the second count (assuming that such count does

set forth a cause of action) does not survive. It alleges certain wrongful and fraudulent acts to have been done by the defendant, the effect of which has been to induce the court before which a certain action had been tried in which the intestate had obtained a verdict, to set that verdict aside ; but it alleges no damage to any specific estate, either real or personal, belonging to the intestate. The diminution of her means to which she may be exposed by the expense to which she would be subjected in order to obtain another verdict is not " a damage to real or personal estate " within the meaning of the statute.

.          *Judgment for the defendant affirmed.*