GEORGE T. CLARK vs. JAMES M. WATSON & others.

Suffolk.   Jan. 22. — Feb. 26, 1886.   DEVENS & GARDNER, JJ., absent.

The levy of an execution upon land, attached on a writ against a person, to whom it was conveyed by a deed absolute in form, but which was, in fact, given as security for a debt of the grantor to him, is invalid, if the attaching creditor had notice, before the attachment was made, of the grantor's interest in the land.

If land is conveyed by a deed absolute in form, but which is, in fact, given as security for a debt, a declaration, signed by the grantor, and not by the grantee, and recorded, setting forth the purpose of the conveyance, will not defeat the levy of an execution upon the land, attached on a writ against the grantee, if the attaching creditor had no notice, before the attachment was made, of the grantor's interest in the land.

BILL IN EQUITY, filed January 4, 1883, against James M. Watson, Abram C. Paul, and Daniel Potter, to restrain the defendants from selling or causing to be sold, under two executions in favor of the defendant Watson and against Christopher Nugent and James Nugent, copartners as C. Nugent and Company, both of Newark, in the State of New Jersey, two parcels of land, one situate in Lynn, and the other situate in Grantville, in the town of Needham, in this Commonwealth. The case was heard by *Field*, J., and reported for the consideration of the full court, in substance as follows:

On August 12, 1879, the plaintiff, who was seised in fee of both of said parcels, conveyed the estate in Lynn to Christopher Nugent, and, on September 29, 1879, he conveyed to said Christopher the estate in Grantville, by deeds, with the usual covenants of warranty, and absolute in form.

At the time of said conveyances, the plaintiff was indebted to the firm of C. Nugent and Company in a sum exceeding $26,000, and said conveyances were so made to Nugent upon his request that the plaintiff should give him security for said indebtedness; and it was orally agreed between them at the time of the delivery of said deeds, that Christopher should reconvey both of said parcels to the plaintiff upon the payment of said indebtedness, and that said deeds should not be recorded; the reason of which, as the plaintiff testified, was that he did not want his creditors to know about it.   Watson was then a creditor

of the plaintiff. Subsequently, on June 26, 1880, both of said deeds were recorded, without the knowledge or consent of the plaintiff, who, upon being informed of such record, called upon Christopher and received from him an agreement in writing, signed by Christopher, to reconvey both of said parcels upon payment of five promissory notes representing said indebtedness. The first three notes referred to in said agreement were subsequently paid by the plaintiff in cash, and the remaining two were surrendered to the plaintiff, who gave to Nugent and Company, in consideration thereof, four promissory notes, the aggregate amount of which equalled the amount of said two notes remaining unpaid, which four promissory notes were payable to the order of Nugent and Company, and were at the time of filing this bill, and still are, due and unpaid, and are owned and held by parties other than Nugent and Company, to whom they were indorsed by Nugent and Company.

On November 4, 1881, the firm of Nugent and Company was indebted to the defendant Watson in a sum exceeding $16,000, and Watson instructed, by telegram from New York, his clerk, one Kimball, to cause the real estate of Nugent and Company in Lynn to be attached, which telegram was received by Kimball about half-past twelve o'clock P. M. on said day. Kimball, immediately upon the receipt thereof, proceeded to the office of the defendant Watson's attorney, and instructed him accordingly. Said attorney thereupon caused to be issued a writ, dated November 4, 1881, in proper form, directed to the sheriff or his deputy, and sent said writ to Salem, by mail, to the defendant Potter, a deputy sheriff for the county of Essex, with instructions to attach said real estate in Lynn; and Potter, on said day, at five o'clock P. M., attached said real estate on said writ. On the next day, the defendant Paul, a deputy sheriff for the county of Norfolk, attached said real estate in Grantville on said writ.

Subsequently, on November 7, at fifteen minutes after seven o'clock P. M., upon a certain other writ in favor of Watson against Nugent and Company, dated on that day, said real estate in Lynn was again attached by the defendant Potter, and on November 9 said real estate in Grantville was again attached by the defendant Paul upon said last-mentioned writ.

Both of the actions commenced by said writs were prosecuted to final judgment, and the defendant Watson caused to be issued upon said judgments the executions hereinbefore mentioned, which executions were placed in the hands of the defendants Potter and Paul, with instructions to levy upon and sell both of said parcels of real estate as the property of Christopher Nugent. Potter and Paul did levy upon and advertise both of said parcels to be sold under said executions, which levy is now in force, said sales being adjourned under injunction from this court restraining them.

Upon said November 4, at the time of the first attachment, the defendant Watson being absent from the Commonwealth, his clerk, Kimball, was in charge of his business in Boston, and between two and three o'clock on said day, before the making of the first attachment, but after the issuing of the writ, Kimball was informed by one Cushing, who was the plaintiff's clerk and in charge of his business in his absence, that said real estate in Lynn was the property of the plaintiff, and was held in trust by Nugent to secure the indebtedness of the plaintiff to Nugent, and for no other purpose.

The plaintiff also caused to be recorded in the registries of deeds for the counties of Norfolk and Essex, on November 7, at 8.30 A. M., caveats or declarations of trust, signed by him, and declaring that his deeds to Nugent were given only to secure the plaintiff's indebtedness to Nugent on said promissory notes.

*J. W. O'Brien*, for the plaintiff.

*S. J. Thomas & C. P. Sampson*, for the defendants.

HOLMES, J. The defendants had notice of the plaintiff's interest in the land in Lynn before the first attachment was made upon it. *Shaw* v. *Spencer*, 100 Mass. 382. *Faxon* v. *Folvey*, 110 Mass. 392, 395. As against the defendants, therefore, the land was not subject to attachment. *Cowley* v. *McLaughlin*, ante, 181. *Prout* v. *Root*, 116 Mass. 410, 412. *Newhall* v. *Burt*, 7 Pick. 157. And there is no ground for refusing the plaintiff equitable relief. The fact that the plaintiff meant to keep his mortgage to Nugent secret, for the sake of his credit, was not a fraud, and, if it had been, it would not have affected his rights as against a creditor whom he informed of the true nature of the transaction. Nugent, who held the registry title, did not

dispute that the deed to him, though absolute in form, was in fact a mortgage, and signed a memorandum to that effect. Therefore, *Hassam* v. *Barrett*, 115 Mass. 256, cited for the defendants, has no application.

The defendants had no notice of the plaintiff's interest in the Grantville land, so that the levy of the first execution on that was valid. *M'Mechan* v. *Griffing*, 3 Pick. 149. *Pomroy* v. *Stevens*, 11 Met. 244, 247. No question is raised as to the second executions, because the first will exhaust the property. Of course, that upon the land in Lynn can stand no better than the first. On the other hand, there was no new fact to charge the defendants with notice as to the Grantville land, except that the plaintiff had recorded a declaration, signed by himself, that his previously executed and recorded deeds to Nugent were given for security only. He did not record Nugent's declaration to the same effect. Nugent, the quasi trustee, was the only party who could make a declaration of trust which the plaintiff was entitled to record. Pub. Sts. *c.* 141, §§ 1, 2; *c.* 120, §§ 4–14. See *Faxon* v. *Folvey, ubi supra; Urann* v. *Coates*, 109 Mass. 581. The plaintiff's declaration, although true, could not cut down the effect of his deeds, and was only notice to those who actually knew of the contents. *Graves* v. *Graves*, 6 Gray, 391, 393. *Dole* v. *Thurlow*, 12 Met. 157, 163. *Pidge* v. *Tyler*, 4 Mass. 541. *Pitcher* v. *Barrows*, 17 Pick. 361, 364.

It follows that the injunction must remain in force against selling the land in Lynn, but not against selling that in Grantville. *Decree accordingly.*