DANIEL W. CLARK, administrator, *vs*. STELLA C.
SEAGRAVES, administratrix.

Middlesex.    December 8, 1903. — September 15, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction*, To redeem property conveyed as security by absolute deed, Survival
of right to relief. *Equity Pleading and Practice*, Master's report, Decree. *Exec-
utor and Administrator. Survival. Interest. Words*, "Mortgaged estate",
"Equity of redemption."

In a suit in equity to redeem the plaintiff's interest in real and personal property
held by the defendant under a deed absolute in form, the plaintiff can show that
the deed was given as security for a debt due to a third person, the defendant's
fraud in claiming an absolute title being the same whether the debt secured is
due to the grantee or to another.

An intestate, owning real and personal property, left at his death a son and a daugh-
ter, who were appointed to administer his estate. The son made conveyances
absolute in form to his sister of his interest in the personal estate and in certain
real estate of their father, and died. The administrator of the son's estate
brought a bill in equity against the sister, as surviving administratrix of the
estate of the father and also individually, alleging that the conveyances had
been made merely as security for certain indebtedness of the plaintiff's intestate
to his father's estate, and seeking to redeem. The defendant contended that the
conveyances were made by her brother to her individually for her own benefit
in the settlement of their father's estate. *Held*, that the plaintiff could main-
tain his bill without waiting for the Probate Court to decide whether the prop-
erty belonged to the defendant individually or as administratrix, and that the
fact, that all persons interested in the father's estate except creditors were
parties to the suit and therefore the determination of the issues as to the per-
sonal property might be *res judicata* when the same questions afterwards were
raised in the Probate Court, was accidental and immaterial.

In a suit in equity for an accounting against an administratrix and against the
same defendant individually, the defendant excepted to the refusal of a master
to find that the suit could not be maintained because it was not apparent from
the bill whether the plaintiff sought an accounting from the defendant in her
individual or her representative capacity. *Held*, that such an exception does
not lie, as it is the duty of a master to find the facts and not to pass on the
question whether on those facts the plaintiff is entitled to a decree, still less to
decide what such decree should be.

By R. L. c. 187, § 33, a suit, to redeem land from a deed absolute on its face but in
fact given as security, can be maintained by the administrator of the estate of
the grantor. In the phrase "If the owner of an equity of redemption dies" the
words "owner of an equity of redemption" in the present statute, as well as
the words "person, entitled to redeem any mortgaged estate" in the original
act, include the grantor of an absolute deed intended as a mortgage.

A right to equitable relief founded on the failure of a person to perform duties
arising from a fiduciary relation survives to an executor or administrator. The

right to redeem property held under a deed absolute in form but intended as a mortgage is of this class.

Under R. L. c. 187, § 33, a suit, to redeem land from a deed absolute on its face but in fact given as a mortgage, can be maintained by the administrator of the estate of the grantor without the plaintiff first obtaining a license to sell real estate.

Where a suit is brought by an administrator under R. L. c. 187, § 33, to redeem land conveyed by his intestate by a deed absolute on its face but in fact given as a mortgage, if the plaintiff has obtained no license to sell, a decree in his favor enures to the benefit of the widow and heirs of the intestate, and the defendant must be ordered to make a conveyance to the heirs, subject to the right of the widow to dower if a right of dower exists.

This court will entertain a bill under R. L. c. 187, § 33, to redeem land in another State from a deed absolute in form but intended as a mortgage, especially where the deed was made in this Commonwealth by one Massachusetts citizen to another. In such a suit by an administrator, if the plaintiff prevails, the defendant must be ordered to convey the land to those persons who are the heirs of the plaintiff's intestate by the laws of the State in which the land is situated, subject to rights of dower if existing.

One owning real and personal estate died intestate leaving a son and daughter. The son conveyed to his sister his interest in the personal estate and in certain real estate of their father to secure an indebtedness of the son to the estate of the father. The son died. His administrator brought a suit in equity against the daughter as administratrix of the father's estate and also individually, to redeem the son's interest in the property on payment of his indebtedness to the estate. *Held*, that although the conveyances of the son were in form to the defendant individually they were made for the benefit of the father's estate, and were assets of the estate for which it was the defendant's duty to account as administratrix; that the rents and profits of the real estate, which the plaintiff was entitled to redeem, which accrued before the death of the plaintiff's intestate, belonged to the plaintiff as administrator, and that the rents and profits after the death of the plaintiff's intestate belonged to the heirs of the intestate, but that as the administrator was redeeming in their interest he might deduct such rents and profits in paying the debt of the intestate to redeem the property; and that, as the personal property to be redeemed was the son's interest in the personal property of his father's estate, and as the plaintiff in order to redeem must pay his debt with interest so that the father's estate might be settled, the plaintiff in no event would be entitled to a credit by way of income derived from the personal property before such settlement.

Although an equitable mortgagor who redeems must pay the whole debt, yet in a suit to redeem property transferred as security by several conveyances, if each conveyance was a separate transaction, the plaintiff has a right to redeem the property transferred by each conveyance on paying the debt which it was given to secure.

In a suit to redeem from an equitable mortgage consisting of several conveyances absolute in form, the plaintiff to redeem must pay interest on the debt secured by each conveyance from the date when such conveyance was made and not merely from the date of filing his bill.

THE following statement of the case is taken from the opinion of the court:

On February 10, 1894, Edward Clark died leaving a son, Edward Payson Clark, the plaintiff's intestate, and a daughter, Stella Clark, now Stella Clark Seagraves, the defendant. The son and daughter were appointed to administer their father's estate. The son died February 14, 1895. This suit in equity was brought on October 1, 1898, in the Superior Court by the administrator of the son's estate against the daughter as administratrix of the father's estate, to redeem the son's interest in and to the personal estate of the father, also his interest in two lots of land in Uxbridge and "in certain real estate situated in the State of Ohio," assigned and conveyed by the son to the daughter in 1894, on the ground that the assignment and conveyances were made for the purpose of securing what was due from the son to the estate of the father. In the original answer filed by Mrs. Seagraves as administatrix, it was alleged that the three conveyances were of real and personal property to which the son was entitled "as heir at law" of their father, and were made in settlement of the estate of the father and not as collateral security for a debt or debts due from the plaintiff's intestate to the estate. The case was sent to a master, who made a report in favor of the plaintiff. The bill then was amended by making Mrs. Seagraves a defendant in her individual capacity, and the suit was recommitted to the master, who again reported in favor of the plaintiff. To both reports the defendant took exceptions, all of which were overruled by the Superior Court. The defendant appealed.

The following are those exceptions to the master's amended report which are referred to in the opinion, printed in the order in which they are mentioned:

"Second: Because the master does not find that the instruments of conveyance and grant made by the plaintiff's intestate to the defendant, individually, being under seal, no oral agreement can be considered to establish the proposition that any person, other than the grantor and grantee therein named, were parties to such conveyance, or that any trust to any third person could thereby be created or exist.

"Third: Because the master does not consequently find that the instruments of conveyance must be taken to be as absolute and conclusive grants and conveyances.

"Fourth: Because, if the master's finding means that, as a matter of law, the consideration paid for such conveyances was so paid by the estate of Edward Clark, and that thereby the property conveyed was held by the grantee upon an implied trust for the estate of said Edward Clark, then, as a matter of law, he should have found that the estate so conveyed was, in law and equity, assets of said Clark estate and must be dealt with as such, and that, upon such findings of law and fact the plaintiff's bill cannot be maintained, for there is an adequate and exclusive remedy in the Probate Court in the premises.

"Fifth: Because the master does not find that the bill cannot be maintained and no decree entered for the plaintiff, for that the prayers of the plaintiff's bill are for an accounting between the plaintiff and the defendant, and it appearing that, by amendment, there are two defendants named, it does not appear with which the plaintiff demands an accounting, and that therefore no decree can be made."

"Twelfth: Because the master finds that the plaintiff is entitled to redeem a portion of the property conveyed by the three conveyances set forth in the plaintiff's bill as made by the said plaintiff's intestate to the said defendant."

"Twenty-first: Because the master finds that the plaintiff is entitled to redeem any portion of the property conveyed by his intestate to said defendant by paying a part only of the indebtedness found to be due from said intestate to his father's estate."

"Twentieth: Because the master does not find that the plaintiff should pay a proper and lawful amount of interest on the different items of indebtedness he finds to have been subsisting from the plaintiff's said intestate to the estate of his father, Edward Clark."

*H. Parker, F. N. Thayer & G. A. Gaskill,* for the defendant.
*H. P. Harriman, H. E. Perkins & J. F. Neal,* for the plaintiff.

LORING, J. [After the above statement of the case.] The first objection argued by the defendant is that although a conveyance which is absolute in form can be shown to have been given as security for a debt due to the grantee, it cannot be shown to have been intended as security for a debt due to a third person. The ground on which the grantor of an absolute

deed of real estate can go into equity and show that it was in fact given to secure a debt, is fraud. See *Campbell* v. *Dearborn,* 109 Mass. 130, particularly pp. 137 and 142. See also *Hassam* v. *Barrett,* 115 Mass. 256. It is as much a fraud to take and insist upon the benefit of an absolute conveyance which was intended to secure a debt due to another as to take and insist upon it when it was intended to secure a debt due to the grantee. The doctrine of *Campbell* v. *Dearborn,* 109 Mass. 130, is as applicable in the one case as in the other. We are of opinion that this point is not well taken.

Her next contention is that inasmuch as the defendant in her individual capacity contended that these deeds were her separate property, no bill which in effect is a bill to redeem them can be maintained until it is ascertained that they belong to the estate and not to her individually; that the issue whether these deeds were her separate property or are assets of her father's estate is an issue within the exclusive jurisdiction of the Probate Court, and until it has been disposed of there, and a conveyance has been made by the defendant individually to herself as administratrix, the bill cannot be maintained. This bill is brought by the plaintiff as a debtor of the estate of Edward Clark. Had such a bill been brought by a stranger to the estate who had mortgaged his property to a third person to secure a debt due to the estate, it is plain that there would be nothing in this contention. A stranger could allege in his bill that the absolute conveyance was in fact given as security, and that for the purpose of proving that issue he has joined the grantee named in the deed. He also could allege that the debt for which it was given as security was a debt due to the estate and not due to the grantee. If the administrator disclaimed such a debt being due to the estate, that would relieve the plaintiff. If the administrator claimed the debt, the plaintiff could redeem on paying it. In the case at bar, the plaintiff having made the administratrix a party defendant in her individual capacity can try the question whether the conveyances were in fact intended as collateral security or were made for her separate benefit, and, having made her a party defendant in her representative capacity as administratrix, he can try the question of the amount due and obtain a decree allowing him to redeem. The fact that one of the things

conveyed was personal property coming to the plaintiff's intestate as one of the two persons interested in the estate, and the fact that all persons interested in the estate except creditors are parties to this proceeding and for that reason the issues which would naturally arise in the Probate Court may be held to be *res judicata* so far as the personal property is concerned, if they are raised there after this suit is concluded here, is accidental and immaterial. The contentions set forth in the second, third and fourth exceptions to the amended report were not well taken.

The next contention argued is that the allegations of the bill originally were made with respect to the defendant in her official capacity, and were not repeated as to the defendant individually when, by an amendment to the bill, she was joined as a party defendant in that capacity. This contention is made principally in support of the fifth exception. That is an exception to the refusal of the master to find that the bill cannot be maintained because the prayer is for an accounting and it is not apparent from the bill whether the plaintiff seeks an accounting from the defendant in her individual or her representative capacity. The only question before the master was whether evidence on these allegations was admissible. It is plain that it was. It is the duty of the master to find the facts. The master is not required to pass on the question whether on those facts the plaintiff is entitled to a decree, much less to what decree he is entitled.

The next question argued by the defendant is the ruling as to an accounting. It will be more convenient to discuss this after disposing of the defendant's next contention, to wit, that inasmuch as it is not pretended that the plaintiff has a license to sell the real estate of his intestate Edward Payson Clark, the grantor in the conveyances in question, the bill cannot be maintained.

The exception of the defendant and the argument made in support of it seem to overlook the fact that one of the three conveyances is an assignment of " all his [the son's] right, title and interest in and to any personal property or estate of any and every name and nature to which he might be entitled as one of the heirs of " the father. To that extent the exception

is not well taken. One of these deeds of land conveyed all the son's "right, title and interest in and to two certain tracts of land situated in said Uxbridge," to wit, Uxbridge in this Commonwealth.

The question is here presented whether a bill to redeem land from a deed which is absolute on its face but in fact was given as security, can be maintained after the death of the grantor by the administrator of his estate.

It is not pretended that at common law an administrator can bring a bill to redeem real estate which was conveyed in mortgage by the intestate. The equity of redemption is now an estate in land recognized at law as well as in equity, and an estate which descends to the heir. The right to redeem is at common law in the heir. The commissioners who were appointed to revise the statutes before the Revised Statutes of 1836 were enacted, reported two sections changing the law in this respect. Commissioners' Report, Rev. Sts. c. 107, §§ 27, 28. Their reasons for the change are stated in the note to these sections to be : " The right to make the tender, and to commence and prosecute the suit, is proposed to be given to the executors or administrators, as well as to the heirs or devisees. It may be sometimes convenient that an executor or administrator should redeem, for the benefit of minor heirs, widows, or others who cannot act for themselves ; and if the land will probably be wanted to pay the debts of the deceased, there may be no one interested to redeem, unless it is the executor or administrator for the benefit of the creditors." The sections thus proposed became Rev. Sts. c. 107, §§ 30, 31, and were re-enacted in Gen. Sts. c. 140, §§ 32, 33; Pub. Sts. c. 181, §§ 39, 40; and R. L. c. 187, § 33.

The provisions of R. L. c. 187, § 33, are that "if the owner of an equity of redemption dies," the administrator may redeem. The grantor of an estate by an absolute deed in fact given as security is not perhaps " the owner of an equity of redemption " in the strict technical sense of the word. Technically speaking, it cannot be said that in case of such a deed any estate is left in the grantor, and the words of the statute imply that the person whose administrator is entitled to redeem under the statute must have an estate. The language of the original act, however, is:

" any person, entitled to redeem " in place of " the owner of an equity of redemption ", language which can more easily be construed to include a grantor of an absolute deed intended as security who has a right to redeem on the ground of fraud.  The change in phraseology was made by the commissioners for the Revised Laws, and was made without comment on their part. Moreover where such a grantor dies there is the same reason for giving the administrator the right to act for all interested in, the estate as there is where the owner of an equity of redemption dies.  For these reasons we are of opinion that the words " any person, entitled to redeem any mortgaged estate " in the original act and the words " the owner of an equity of redemption " in the present act are to be construed to include the grantor of an absolute deed intended as a mortgage.

There remains the question whether at common law the right to redeem on the doctrine of *Campbell* v. *Dearborn* survives or whether that case comes within *Leggate* v. *Moulton*, 115 Mass. 552, and *In re Duncan*, [1899] 1 Ch. 387.  We are of opinion that this right of action survives on the ground that the defendant has property in his hands as distinguished from a liability to respond in damages; and for that reason the case comes within *Phillips* v. *Homfray*, 24 Ch. D. 439, cited with approval in *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104, and in *Houghton* v. *Butler*, 166 Mass. 547, 548, (see also *Finlay* v. *Chirney*, 20 Q. B. D. 494,) and not within *Leggate* v. *Moulton*, 115 Mass. 552, and *In re Duncan*, [1899] 1 Ch. 387.  And also that this right of action survives to the heir, (see in this connection *Jones* v. *Simes*, 43 Ch. D. 607,) and not to the administrator, as seems to have been conceded by counsel in *Cheney* v. *Gleason*, 125 Mass. 166, while the contrary seems to have been assumed in *Parker* v. *Simpson*, 180 Mass. 334.

The defendant's next contention is not well taken.  The administrator is entitled to redeem without taking out a license to sell the real estate.  In *Mason* v. *Daly*, 117 Mass. 403, a license to sell the real estate was granted to the administrator, and that fact is stated in the opinion.  But there is nothing in the act requiring this to be done, and the note of the commissioners makes it plain that they intended to give the administrator the power to redeem where no license to sell is

granted. In *Long* v. *Richards*, 170 Mass. 120, such a bill was maintained although no license to sell had been taken out. We are of opinion that such a bill may be maintained under the statute by the administrator without license to sell having been obtained.

Where a bill to redeem is brought by an administrator under R. L. c. 187, § 33, the result enures exclusively to the benefit of the widow and heirs, in case no license to sell the real estate to pay debts has been granted to him. *Aiken* v. *Morse*, 104 Mass. 277. It was not intended by R. L. c. 187, § 33, to make a change in the rights of the persons interested, but to afford a remedy where many were interested and where some of them were likely to be persons who could not act for themselves. It does not deprive the heir or the widow of their rights to redeem. For these reasons the conveyance of the real estate to be made by the defendant should be to the heirs subject to the right of the widow to dower, if she has a right of dower.

The next question which arises is whether this court will entertain this bill so far as it seeks relief in respect of the land in Ohio. We are of opinion that such a bill is within the jurisdiction of a Massachusetts court, particularly as the deed was made in Massachusetts by a Massachusetts citizen to a Massachusetts citizen. However it may be as to bills to redeem or foreclose a mortgage as to which the authorities are not uniform, (on the one side see Kent, Ch. in *Kershaw* v. *Thompson*, 4 Johns. Ch. 609, 616, and *Muller* v. *Dows*, 94 U. S. 444, 448, 449, the doctrine of which case has not extended,— see *Huguley Manuf. Co.* v. *Galeton Cotton Mills*, 184 U. S. 290, 294,— and on the other side see *Kanawha Coal Co.* v. *Kanawha & Ohio Coal Co.* 7 Blatch. 391, 415, *Paget* v. *Ede*, L. R. 18 Eq. 118,) a bill which is based on the doctrine of *Campbell* v. *Dearborn* is a bill for relief against fraud, not a bill dealing with the title to an estate in land. The fact that the fraud consists in the conveyance of real estate is no more material in such a suit than is the fact that the thing stipulated for is the conveyance of land in a foreign jurisdiction when specific performance of such a contract is sought here. The case comes within *Reed* v. *Reed*, 75 Maine, 264; *Cranstown* v. *Johnston*, 3 Ves. 170; *S. C.* 5 Ves. 277. See also *Mercantile Investment & General Trust Co.* v. *River*

*Plate Trust, Loan & Agency Co.* [1892] 2 Ch. 303. The juris-diction in case of a bill to enforce specific performance of a contract to convey land in a foreign country is established. See *Pingree* v. *Coffin,* 12 Gray, 288 ; *Davis* v. *Parker,* 14 Allen, 94 ; *Penn* v. *Baltimore,* 1 Ves. Sen. 444 ; *Tulloch* v. *Hartley,* 1 Y. & C. Ch. 114. See also the cases collected in Dicey, Conflict of Laws, 218, 219.

We are of opinion that R. L. c. 187, § 33, applies to a bill to redeem on the doctrine of *Campbell* v. *Dearborn,* where the land is situated in a foreign country, and that the conveyance is to be made to those persons who are the heirs of the land by the laws of Ohio, where the intestate died, subject to the rights of dower, if any.

The next matter which has to be dealt with is in which capacity the defendant is to account for rents and profits and which has been referred to above. It has been found that although the assignment and conveyances here in question run to the defendant individually they were made in fact for the benefit of the estate. That means that they were assets of the estate for which it is her duty to account as administratrix. The rents and profits which accrued before the death of the intestate Edward Payson Clark were personal property when he died, and belong to the administrator. The rents and profits after the death of the intestate belong to the heirs, but since the administrator is redeeming in their interest he may deduct them in paying the amount which has to be paid to redeem.

Inasmuch as the personal property assigned was the son's interest in his father's estate and the debt for which that interest in the estate was assigned is a debt due to that estate, the plaintiff will not be entitled to a credit by way of income on that property in any event. To clear the estate and the security the plaintiff must pay his debt with interest, so that the estate can be settled.

The twelfth and twenty-first exceptions to the amended report are not well taken. Although the defendant is correct in her contention that a mortgagor who redeems must pay the whole debt, in this case the master has found that each conveyance was a separate transaction. The plaintiff therefore had in effect a right to redeem each conveyance on paying the debt which it was given to secure.

We are of opinion that the twentieth exception must be sustained. The master found that the debt secured by the assignment of the son's interest in the personal estate of his father was barred by the statute of limitations, but that the statute was waived by him, and that the amount due at the date of the assignment was $4,000. In the absence of a further finding, the plaintiff to redeem must pay the interest due on the debt which is found by the master to be due from the date of the assignment. The same is true as to the conveyances of the land in Uxbridge and in Ohio. In neither instance is it enough that he pay interest from the date of bringing the bill to redeem. The decree should be drawn accordingly.

The defence which was successful in *Hassam* v. *Barrett*, 115 Mass. 256, does not appear to have been taken in the case at bar.

*Decree accordingly.*