### FELDMAN *v.* PRESTON.

1. ATTACHMENT—AFFIDAVIT.

   The extraordinary and harsh remedy of attachment, permitting a plaintiff to impound a defendant's property to secure a prospective judgment, is allowed by statute, under special circumstances.

2. SAME—SHOWING—STATUTES—CONSTRUCTION.

Because of the harshness of the remedy the statute will be strictly construed, and a claim must be well grounded to entitle plaintiff to its benefit.

3. EQUITY—TRUSTS—PAYMENT OF DEBTS—JURISDICTION.

Trust property, unless otherwise provided by statute, can only be subjected to the payment of debts in a court of equity.

4. TRUSTS — BINDING ESTATE — POWERS OF TRUSTEE — PERSONAL LIABILITY.

A trustee cannot bind the trust estate, but will be held personally bound by contracts he makes as trustee, for the obvious reason that the person contracted with would otherwise be without remedy; the mere use of the name of trustee will not discharge the trustee, but to protect himself from individual liability he must expressly stipulate that he is not to be personally responsible.

5. ATTACHMENT—EXECUTION—TRUSTS.

In Michigan the estate of a *cestui que trust* is not subject to attachment or execution.

6. SAME—EQUITY—REIMBURSEMENT—PERSONAL JUDGMENT.

The property held by defendant as trustee, not being subject to attachment, plaintiff's action can only lie against defendant personally, and the latter might, by authority of the equity court, be reimbursed out of the assets of the estate in his hands for any judgment enforced against him.

7. TRUSTS—TRUST DEEDS—LIEN OF TRUSTEE—EXECUTION.

Where a trust agreement provided that any funds advanced or compensation earned by the trustee should be repaid before he would be required to reconvey the property, he became a secured creditor with a lien in the nature of an equitable mortgage; such interest being no greater than that of an ordinary mortgagee, which is not subject to attachment.

8. ATTACHMENT—AFFIDAVIT — SUFFICIENCY — ISSUE — BURDEN OF PROOF.

Where plaintiff's affidavit charged that defendant fraudulently contracted a debt then due him, grounds under the statute for the issuance of the writ, and defendant by his

194—Mich.—23.

motion to quash challenged and denied the truth of such grounds, a question of fact was raised upon which an issue might have been framed at the instance of plaintiff; the burden of proof being upon the plaintiff.

9. SAME—APPEAL AND ERROR.
    If, at the time the motion was decided, it turned upon a controlling issue of fact, fairly raised by conflicting evidence, the conclusions or inferred finding of fact thereon by the trial court might not be disturbed.

10. SAME—DISMISSAL.
    Where, at the time defendant's motion to quash the writ was denied, the cause of action set up by plaintiff in his declaration was based upon a breach of a contract and was not such as would support the grounds for attachment stated in plaintiff's affidavit therefor, viz., that defendant fraudulently contracted the debt for which the action was brought, plaintiff had, as a matter of law, failed to sustain the verity of his affidavit, and defendant's motion to quash ought to have been granted.

Certiorari to Presque Isle; Emerick, J. Submitted October 10, 1916. (Docket No. 99.) Decided December 22, 1916.

Attachment proceedings by Sam Feldman against Thad B. Preston, individually and as trustee. From an order denying a motion to quash, defendants bring certiorari. Reversed.

*Hawley & Eldred,* for appellants.

*I. S. Canfield,* for appellee.

STEERE, J. On February 26, 1916, plaintiff, Feldman, a resident of Onaway, Presque Isle county, Mich., began this action by attachment in that county against defendant Preston, who was a resident of Ionia county, Mich.

Plaintiff made an affidavit stating as the grounds and foundation for his writ of attachment:

"That Thad B. Preston, trustee, and Thad B. Preston, the defendant named in said writ, is now justly indebted to Sam Feldman, the plaintiff named in said writ, in the sum of $1,500, as near as may be over and above all legal set-offs, and that the same is now due and payable upon contract.

"And this deponent further says that he has good reason to believe and does believe that the said Thad B. Preston, trustee, and individually, has fraudulently contracted the debt and incurred the obligation respecting which this suit is brought."

The writ of attachment, made returnable on March 28, 1916, was first caused to be levied upon certain real estate in Presque Isle county, appraised at upwards of $20,000, standing in the name of said Thad B. Preston as trustee for his grantors Merritt Chandler and wife, and their creditors. The habendum clause in the trust deed of this property to Preston stated that it was given in trust for the uses, interests, and purposes limited and described in a certain instrument of trust executed between the parties of even date with the deed:

"That is to say, the said second party (Preston) is to have full power and authority to sell and dispose of the property and premises herein described for the purpose of liquidating the debts and obligations of the first parties and after the payment of said debts and expenses of the trust and the compensation agreed upon in said trust instrument to said trustee such property as remained in said trustee's hands shall be reconveyed to said party of the first part, their representatives or assigns and the said trustee is herein and hereby given a period of five years from the date hereof to complete and carry out the trust, if necessary," etc.

In connection with and supplemental to the levy upon said real estate in Presque Isle county, the sheriff of Ionia county, on March 14, 1916, personally served upon said Preston, in Ionia county, certified copies of the writ, levy, etc. Returns of the two sher-

iffs, duly filed with the clerk of Presque Isle county, showed that the statutory prerequisites and formalities prescribed in such cases were complied with by them. No question is raised as to the manner in which the levy and service were made by the two officers. It is undisputed that Preston was not then a resident of Presque Isle county and never had been, but then was and had been for many years a resident of Ionia county.

On March 28, 1916, defendant, appearing specially by counsel, made and filed in the circuit court of Presque Isle county a special motion to vacate the proceedings, requesting the court "to set aside, quash and, dismiss the writ of attachment and all proceedings thereunder" for the several reasons assigned in said motion, which was accompanied by an affidavit of defendant traversing and denying the facts stated in plaintiff's affidavit as ground for the attachment, deposing amongst other things that he never was a resident of Presque Isle county, but is and then was a resident of Ionia county, worth in money and property upwards of $100,000 in his own name and owned by him over and above any indebtedness, or property held by him in trust for others, and amply able to pay all his just debts, denied indebtedness to plaintiff, fraudulently or otherwise incurred, and asserted that each and all allegations contained in the affidavit as a foundation for said writ,

"and thereunder stated as a basis or reason for the issuance of any attachment, are false and untrue and are made solely and only for the purpose of wrongfully and unlawfully obtaining a writ of attachment in said county of Presque Isle, taking this deponent away from the forum of his residence and from the county in which he resides, and compelling him to contest said suit at a long distance from his said home, * * * and that the issuance of such writ of attachment constitutes an abuse of the process of this court and is oppressive and illegal."

On the 28th of March, 1916, plaintiff filed his declaration in said cause containing the common counts in assumpsit, and two special counts alleging the sale of certain cattle to plaintiff by defendant, personally and as trustee, the payment of a certain sum by plaintiff as part of the purchase price, the subsequent neglect or refusal of defendant or his agents to deliver the cattle when demanded or return the money therefor, under circumstances charged to constitute fraudulent conduct, and failure of consideration. This motion was heard on the 15th of May, 1916, and, after argument, taken under advisement by the court, following which, on the 1st day of June, 1916, plaintiff filed in said cause an affidavit in opposition to said motion, and on the 14th day of June defendant filed a counter affidavit thereto.

On the 19th of July, 1916, an order was made by the circuit court of Presque Isle county denying defendant's motion, and he removed the proceedings to this court for review by certiorari. The grounds assigned in said motion to quash are, briefly stated: That plaintiff's affidavit for the writ of attachment was not true in fact and no valid grounds existed for the issuance of a writ of attachment; that plaintiff knew his affidavit was false in fact, and made the same solely for the purpose of obtaining a writ of attachment by which to commence proceedings in Presque Isle county, and, under a levy upon the land there located in defendant's name as trustee, secure service on him in the county of Ionia; that the property levied upon by virtue of the writ of attachment was trust property consisting entirely of real estate, not owned by defendant but held by him as trustee for the benefit of Chandler and wife and their creditors, and therefore not subject to levy and seizure under a writ of attachment for the individual debts of or liabilities incurred by Preston, and such void levy upon

trust lands in the county of Presque Isle afforded no basis for service of process upon defendant in the county of Ionia, and gave the Presque Isle court no jurisdiction over him; and that in any event jurisdiction was lost by failure of plaintiff to file his declaration before 15 days had elapsed following the issuance of said attachment.

It apparently stands undisputed that defendant is a permanent resident of this State and of ample financial responsibility to be holden under process for any judgment which might be obtained against him. Neither nonresidence, insolvency, nor concealment of person or property are claimed. The inadequacy of ordinary process within the State, as usually understood in attachment proceedings, is not suggested in the record or set up as the ground of attachment. The only ground laid in plaintiff's affidavit is that defendant fraudulently contracted or incurred the debt, sometimes designated an exceptional and anomalous ground even in the extraordinary and harsh remedy by attachment, which under special circumstances permits a plaintiff to impound a defendant's property to secure a prospective judgment. Waples on Attachment (2d Ed.), § 73. The inference is persuasive that plaintiff's primary purpose in resorting to attachment was that he might select his forum. He was entitled under the statute to this incidental benefit if his attachment was well grounded, just as defendant is entitled to any technical defense which recognized strict construction of the statute, because of the harshness of the remedy, makes available in attachment cases. The actual merits of this case are not before the court, and we are not impressed by the reciprocal charges of lack of merit in opposing parties' claims because of resort to technicalities. From the standpoint of either party only strictly legal rights are involved. The question before the court is one of jurisdiction.

This attachment was only levied upon real property, title to which was held in trust by defendant. It is a well-settled general rule that trust property, unless otherwise provided by statute, can only be subjected to the payment of debts in a court of equity (39 Cyc. p. 451), and it is also the general rule that a trustee cannot bind the trust estate, but "will be held personally bound by contracts he makes as trustee, for the obvious reason that the person contracted with would otherwise be without remedy. The mere use of the name of trustee * * * will not discharge the trustee. In order to protect himself from individual liability he must expressly stipulate that he is not to be personally responsible." 28 Am. & Eng. Enc. Law (2d Ed.), p. 1074, where numerous cases are cited, including *Packard* v. *Kingman,* 109 Mich. 497 (67 N. W. 551), where it is said: "This doctrine is established by a list of cases, long and generally uniform." It is again affirmed as applied to a guardian, in *Lothrop* v. *Duffield,* 134 Mich. 485 (96 N. W. 577). It was early held in this State that the estate of a *cestui que trust* is not subject to attachment or execution. *Trask* v. *Green,* 9 Mich. 358; *Gorham* v. *Arnold,* 22 Mich. 247.

Applying those principles to the facts in this case so far as disclosed, plaintiff's action can only lie against Preston personally even though the alleged contract was made by him as trustee. If he were held individually liable and made to respond to a personal judgment against him, he might by authority of the equity court be reimbursed out of the assets of the estate in his hands, but the property held by him as a trustee is not subject to direct attack and seizure by attachment for his personal liability or debts thus incurred. 6 C. J. p. 206; *Hussey* v. *Arnold,* 185 Mass. 202 (70 N. E. 87).

It is urged, however, in this connection, that Preston owned and held for himself an individual interest

in the land attached to the extent of any funds he advanced or compensation he .earned as trustee, for the reason that the trust agreement and declaration of trust provide for the same being repaid to him before he is required to reconvey the remaining property to his grantors, and under authorities cited attachment will lie upon a trustee's individual undivided interest in land, to the extent of his personal interest.

That such sums when advanced or earned under the terms of a trust agreement become secured by, or a lien on, the trust property in his hands, is evident, and it seems equally clear that by paying the same the Chandlers could release their property from the burden and, so far as it was concerned, compel reconveyance to them. He became a secured creditor under the trust deed, operating in that particular in the nature of an equitable mortgage. His individual interest was no greater than that of an ordinary mortgagee in mortgaged lands, and such an interest is not subject to attachment. *Columbia Bank* v. *Jacobs,* 10 Mich. 349 (81 Am. Dec. 792) ; *Clark* v. *Watson,* 141 Mass. 248 (5 N. E. 298) ; 3 Am. & Eng. Enc. Law (2d Ed.), p. 210.

It is strenuously urged for plaintiff that the question of Preston's personal interest in the land attached cannot be properly or fairly passed upon in this preliminary motion and manifestly incomplete record, but is a material issue of the case which ought to be left open for determination upon final trial of the cause. If Preston had other or further interest in the land than that shown in his affidavit in support of this special motion and by the habendum clause of his trust deed, made a part thereof, it was competent for plaintiff to have so shown; but even conceding he had, or that for any reason the question should be reserved as urged, we are impressed that upon the record as it stood when the motion was denied plaintiff had as a

matter of law failed to sustain the verity of his affidavit for the writ.

Defendant by his motion and showing challenged and denied the truth of the ground for an attachment stated in plaintiff's affidavit therefor, and it may be conceded thereby raised a question of fact upon which an issue might have been framed at the instance of plaintiff, as in the case of a plea in abatement, for the charge in plaintiff's affidavit that defendant fraudulently contracted a debt then due him furnished grounds under the statute for the clerk of the court to issue the writ. The record discloses no findings by the trial court, and the framing or recognition of an issue is but inferable from denial of defendant's motion, which operated necessarily to sustain plaintiff's affidavit. If at the time the motion was decided it turned upon a controlling issue of fact fairly raised by conflicting evidence, the conclusions or inferred finding of fact thereon by the trial court might not be disturbed; but, when such an issue was raised, the burden of proof to sustain the truth of his affidavit in support of his claimed grounds of attachment rested upon plaintiff. His brief affidavit for attachment, destitute of detail, asserted a debt then due "upon contract" and, as ground of attachment, that he "has good reason to believe and does believe" said Preston "has fraudulently contracted the debt and incurred the obligation respecting which this suit is brought." When an issue was raised as to the truth of such an affidavit, the fundamental question became whether defendant is shown to have been guilty of some material deceptive act, word, or concealment done, said, or suffered by him with intent to induce, and which did induce, plaintiff to enter into the contract sued upon and consent to the debt, not merely whether he subsequently dishonestly breached the contract and thereby wronged or defrauded plaintiff, which is the real grievance here,

as disclosed in plaintiff's counter showing and declaration. Of the contract itself we discover no complaint made, or facts stated, to sustain the charge of fraud.

"It is a sufficient ground for a motion for the quashal of an attachment that the cause of action set up by the attaching plaintiff is not such as will support an attachment; and this has been held to be true, although the affidavit for attachment does state such a cause of action." 6 C. J. p. 423.

The contract out of which this action arose is shown by plaintiff's declaration and counter showing to have been entered into on September 19, 1914, at Onaway, for the purchase from defendant of a certain number of fat cattle at an agreed price, to be delivered on or before November 1, 1914, upon which he paid, on or before November 2, 1914, $1,000; it being "agreed that the balance of the said purchase price of said cattle was to be paid when the said plaintiff should ship the cattle to market and dispose of the same." Not only is his showing barren of any suggestion of misrepresentation or fraudulent inducement by defendant which led him to enter into this contract of September 19, 1914, but he makes manifest that all the trouble between the parties, in which he claims defendant through his agent acted dishonestly and fraudulently, occurred in November, and grew out of a then foot and mouth disease quarantine against shipping cattle from the State, as a result of which two carloads of the cattle shipped from Onaway on November 1st, consigned by defendant to Chicago, accompanied by plaintiff and defendant's agent, were stopped from leaving the State when they reached Jackson, and defendant's agent refused to divert the shipment to where plaintiff desired within the State, and shipped them back to Onaway.

The merits of that controversy are not involved here, but upon this record as it stood when defendant's mo-

tion was denied the cause of action set up by plaintiff was based upon a breach of that contract and was not such as would support the grounds for attachment stated in his affidavit therefor. It cannot be found as a matter of fact or law that he has by a preponderance of evidence shown that defendant fraudulently contracted the debt for which this action is brought.

We are therefore constrained to conclude that defendant's motion ought to have been granted, and the judgment, or order, denying the same is, accordingly, reversed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and BROOKE, JJ., concurred. PERSON, J., did not sit