FRANCES E. BASOM v. SYLVESTER TAYLOR AND TIMOTHY F. DeGRAW, ADM'RS.

*Executor not suable in justice's court on claims against estate.*

An executor or administrator is made personally liable to the creditors of the estate, after the probate court has decreed a distribution of assets among them (Comp. L., § 4461); but this liability cannot be enforced in justices' courts (§ 5250); and a justice's judgment on it against the executor or administrator, either as a principal defendant or as garnishee, would be no bar to an action in the circuit court to recover a distributive share.

The executor's personal liability to creditors of the estate is limited to the amount of assets in his hands; and it is to be satisfied from the assets and not as if it were his individual debt.

In an action by the creditor of an estate against an executor or administrator to recover his distributive share of the assets under Comp. L., § 4461, facts must be alleged and proved showing that the defendant has been acting as executor or administrator, and had thus become liable upon the claim.

An action cannot be brought in justice's court against an executor or administrator *as such.* Comp. L., § 5250. *Held* that this excludes his liability for any charge against the estate whether he is sued in his official or his individual character; but does not exempt him generally from the justice's jurisdiction.

Case made from Ionia. Submitted October 30. Decided November 21.

ASSUMPSIT on special and common counts by Frances E. Basom, as assignee of the distributive shares of certain heirs of Timothy DeGraw, against the administrators of his estate, to recover the amounts adjudged by the probate court as due to the distributees. Defendants claimed that in an action brought by the plaintiff against them before William B. Thomas, a justice of the peace, involving the same subject matter, they had recovered judgment of no cause of action, and plaintiff had not appealed; and that judgments had been recovered against them before Henry L. Mitchell, a justice of the peace, as garnishees of the distributees, and that the plaintiff had defended the suits in garnishment and had not appealed from the judgments. The circuit court gave judgment for the plaintiff.

*Mitchel & Pratt* for plaintiff.

*W. O. Webster* and *A. B. Morse* for defendant. The provision that justices shall not have cognizance of actions against executors or administrators *as such* excludes the jurisdiction only where liability attaches to them in their representative character, and does not apply to cases in which there is an individual liability, *Waldsmith's heirs v. Waldsmith's ex'rs,* 2 Ohio, 156; *Wallis v. Lewis,* Ld. Raym., 1215; *Jenkins v. Plume,* 1 Salk., 207; *Hooker v. Quilter,* 1 Wils., 171; *Rogers v. Jenkins,* 1 B. & P., 383, marg. note 3; and the use of his official designation

when sued in his individual character may be treated as *descriptio personæ, Graydon v. Church*, 7 Mich., 53; *Ogdensburgh Bank v. Van Rensselaer*, 6 Hill, 240; *Com. v. Hammond*, 10 B. Mon., 62; *Negley v. Gard*, 20 Ohio, 310; *Gould v. Hayes*, 19 Ala., 438; *Moulton v. Wendell*, 37 N. H., 406; Williams on Executors (6th Am. ed.), 1933, n. *o*; 3 Redf. Wills, 312, n. 7; after an administrator is ordered to pay a demand found due against the estate, it may be regarded as a personal liability and is not distinguishable from one due in his individual character, *Richards v. Griggs*, 16 Mo., 416; *Curling v. Hyde*, 10 Mo., 374; see *Voorhees v. Sessions*, 34 Mich., 99.

MARSTON, J. At the time this case was argued and submitted I was of the impression that the justice did have jurisdiction, and that the judgments rendered in justice's court were a bar to the actions brought in the present case. An examination of our statutes relating to justice's courts, and to executors and administrators, and reflection thereon, lead to a different conclusion.

Admitting that when the probate court has, by a decree for that purpose, assigned the residue of the estate of the deceased to such persons as are by law entitled to the same, who then have the right to demand and recover their respective shares from the executor or administrator, who are personally liable therefor, yet I think it does not necessarily follow therefrom that the action therefor can be brought in justice's court. If the amount sought to be recovered was within the jurisdiction of a justice of the peace, then no good reason can be perceived why the action might not be brought in justice's court, and to this extent we fully concur in the reasoning of the courts in the cases cited by counsel for defendant. The question raised cannot be determined in this way, however. Our statute has limited the general jurisdiction of justices of the peace, by specifying certain cases or classes of cases, in which they shall have no jurisdiction, and "actions against executors or

administators as such" are thus prohibited. What is the proper construction of this clause? Is it *first*, that actions may be brought in justice's court against persons acting as executors and administrators, for matters relating to and concerning them as individuals, in which the estate they represent, in their administrative capacity, is in no way to be affected? or *secondly*, does it mean that in all cases where a personal judgment may be recovered against them, for or on account of acts done or omitted to be done by them, as representatives of the estate of a deceased person, they may be sued in justice's court, while it is in cases only where the judgment to be recovered, if any, is in form against the estate, that the jurisdiction is taken away? It is this second view which counsel for defendant takes and insists upon in this case. It is said that the statute "providing that no justice of the peace shall have cognizance of actions 'against executors or administrators *as such*' deprives them of jurisdiction of cases only in which the liability attaches. to executors or administrators in their representative capacity, and does not apply to cases in which there is an individual liability."

This provision in the Justice's Act must be read in view of our statutes relating to the estates of deceased persons.

Sec. 4479, 2 Comp. Laws, reads as follows: "In no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator." An examination of this chapter shows what actions may be so commenced. When commissioners have been appointed for examining and allowing claims against the estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin; nor shall any attachment or execution be issued against the estate, until the expira-

tion of the time limited by the court for the payment of debts.

By § 4461 whenever a decree shall have been made by the probate court for the distribution of the assets among the creditors, the executor or administrator, after the time of payment shall arrive, shall be personally liable to the creditors for their debts, or the dividend thereon, as for his own debt, or he shall be liable on his bond, and the same may be put in suit.

Sections 4468 and 4469 provide for the presentation and allowance of claims accruing or becoming absolute, after the time limited for presenting claims, and if established the probate court shall require the executor or administrator to pay the same, if he shall have sufficient assets for that purpose, and if not, such part as he shall have assets to pay. And by § 4470, if an action shall be commenced against an executor or administrator on such claim, he may give notice that he has fully administered the estate; and by § 4471, if it shall appear on the trial of such action that he had fully administered, and had no assets, he shall be discharged and have judgment for his costs, but if it is found that he had assets sufficient to pay only a part of such claim, judgment shall be rendered against him for such sum only as shall be equal to the amount of assets in his hands. If the appointment of commissioners to allow claims be omitted, claimants may prosecute their claims against the executor, administrator, etc. § 4478.

Here then is an enumeration of the cases where an executor or administrator may be sued, and the statute is clear that in no other case shall any action be commenced or prosecuted against them. This case comes within the provisions of, and was brought under § 4461. This, then, is one of the cases where the statute permits an action to be brought against the executor or administrator, and were it not for this section the action could not be brought. The statute speaks of and treats the action as one to be brought against them officially;

it is to reach assets of the estate in their hands. The judgment to be recovered cannot exceed the amount of the assets as decreed by the probate court, and that court having made a decree for the distribution of the assets, it is binding upon the executor. It thereupon becomes his duty as such executor to pay over the, amount thereof, and failing so to do, he is, by the statute, declared to be personally liable therefor, as for his own debt. This personal liability, however, does not sever and disconnect the claim from being one in fact against the estate. If a judgment is recovered and paid, it is charged as against the assets in his hands, and is so treated in the final settlement; otherwise the recovery and payment of judgments under this section, no matter to what amount, would not tend to diminish the assets, and still leave him liable, through the probate court, to account therefor.

His being made personally liable as for his own debt, does not make it his own debt, but where responsible it enables the judgment creditor to collect his claim, without resorting to the administrator's bond, as he otherwise might be obliged to do. In seeking to recover under this statute, the creditor or claimant would have to allege and prove the facts, showing that the party charged had been acting as executor or administrator, and how the liability was in this manner created.

This, therefore, is one of the cases where the statute permits an action to be brought against an executor or administrator,—and after the decree of the probate court ordering payment, I can see no good reason why suit might not be brought in justice's court, or an action of garnishee be commenced, were it not for the statute which takes from the justice his jurisdiction in such cases. All such actions are against the executor or administrator as such. Whether the judgment binds them personally, or not, to that extent, it is only to enable parties to reach assets in their hands.

What then was the object of adding to this clause limiting the jurisdiction of justices in cases against

executors or administrators, the words *as such?* Would not the construction be the same if such words had been omitted? In all probability such would have been the case, but the addition of these words, makes clear what without them might have created some doubt.

There are statutes which prohibit the bringing of actions against certain persons or give to particular courts exclusive jurisdiction against them, by referring to and speaking of them by their official name or title only, and that such statutes prohibit or give to the particular court exclusive jurisdiction, as the case may be, of all actions against them, not merely in their official character, but as individuals, and in reference to their personal matters, in no way connected with their office, there can be no doubt. A notable instance of this kind is the Act of Congress relating to the original jurisdiction of the Supreme Court, that it shall have "exclusively all such jurisdiction of suits or proceedings against ambassadors or other public ministers," etc.

So our Constitution says that senators and representatives shall in all cases, except treason and some other crimes, be privileged from arrest, and that they shall not be subject to any civil process during the session of the Legislature. Here it is apparent their official designation exempts them as individuals. So, might it not be said, were it not for the words "*as such*," that while a person was acting as executor or administrator he could not be sued in justice's court, either *as such* or as an individual in reference to matters in no way connected with his duties as administrator? In my opinion it was to prevent any such question arising that the words referred to were inserted, and that in these cases the justice had no jurisdiction, and the judgments rendered by him were no bar in the present action.

In my opinion the judgment should be affirmed with costs.

CAMPBELL, C. J. and GRAVES, J. concurred.

COOLEY, J. I concur in the result.