The Singer Manufacturing Company v. Charles L. Benjamin.

*Replevin—General issue—Exclusion of facts known equally to deceased party —Order of evidence—Jurisdictional questions barred by pleading— Replevin against administrator.*

1. On appeal from a justice in an action of replevin the general issue will allow defendant to show that he defends in official character as special administrator. How. Stat. § 8339.

2. The agent of a corporation cannot testify, even after he ceases to be agent, as to the facts of a transaction in dispute between the corporation and the representatives of a deceased party adversely interested, if knowledge of such transaction was confined to the parties. How. Stat. § 7545.

3. Proof of the official character of a defendant is admissible out of its order if the defense rests upon such character, and evidence of the fact is needed to enable the judge to rule properly upon the introduction of evidence.

4. Jurisdiction to hear a case against an administrator cannot be questioned after pleading the general issue and proceeding to trial, if defendant is not described as administrator and has not pleaded in abatement.

5. Replevin can be brought against an executor or administrator after the appointment of commissioners on claims against the estate. How. Stat. § 5902.

6. Costs below were left to abide the event where conflicting evidence was taken from the jury and a new trial became necessary to enable them to pass on it.

Error to Saginaw. (Gage, J.) Oct. 22.—Nov. 19.

Replevin. Plaintiff brings error. Reversed.

*Holden & Harris* for appellant.

*Trask, Grout & Smith* for appellee.

Champlin, J. Plaintiff brought replevin before a justice of the peace against defendant to obtain possession of a horse. The defendant appeared and pleaded the general

issue. The trial before the justice resulted in a judgment for
the plaintiff, and defendant appealed to the circuit court,
where the cause was tried before a jury upon the pleadings
made in the court below. To maintain its case the plaintiff
produced as a witness one O. W. Seymour, who testified that
until recently he had been the agent and manager of the
plaintiff at East Saginaw and vicinity, but at the time of the
trial he was not in plaintiff's employ. He was asked to state
what negotiations, if any, he had on behalf of the plaintiff
with McArthur relative to the horse in question. This was
objected to by the defendant because the witness, being the
agent of the plaintiff (who was a corporation) at the time of
the negotiation referred to, was excluded from testifying by
the terms of the statute (How. Stat. § 7545), which provides
that when any suit or proceeding is prosecuted or defended
by the heirs, assigns, devisees, legatees or personal represen-
tatives of a deceased person against a corporation, no officer
or agent of any such corporation shall be allowed to testify
at all in relation to matters which, if true, must have been
equally within the knowledge of such deceased person. At
the time this objection was made there was nothing in the
pleadings or record which showed that the defendant was the
representative of any deceased person, or that the suit or
proceeding was prosecuted or defended by a representative
of a deceased person. The court excluded the testimony.

The defendant's counsel thereupon stated that the defend-
ant was in court simply as administrator, and offered to put
defendant upon the stand and prove that fact, and that it was
the only justification he made for holding the horse ; and in
order to show that he was special administrator at the time
suit was commenced, offered in evidence the order of the
judge of probate of Saginaw county, appointing him special
administrator. The order bore date December 18, 1883, and
this suit was commenced December 24, 1883. The plaintiff
objected to the introduction of such evidence as incompetent
and immaterial, and because such defense could not be made
under the plea of general issue without notice. The court
overruled the objection and admitted the testimony.

It is proper, first, to consider whether under the pleadings the defendant could be permitted to show his official character as special administrator of the estate of Angus McArthur, and that he claimed to hold the property replevied, as such special administrator. The statute giving jurisdiction to justices of the peace in actions of replevin provides that the proceedings before the justice shall, in cases not specially provided for in the Justices' Act, be governed by the statute regulating the proceedings in actions of replevin in the circuit court; and How. Stat. § 8339 provides that the defendant may plead the general issue, which shall put in issue not only the detention of the property but also the property of the plaintiff therein and his right to the possession thereof at the time of the commencement of the suit, and under such plea the defendant may give notice of any special matter of defense to the action. Under this plea, by authority of this statute, the defendant may show that the plaintiff had no title or had no right to the possession when suit was commenced. In *Loomis v. Foster* 1 Mich. 165, it was held that the statutory plea of general issue put in issue every fact stated in the declaration necessary to sustain the plaintiff's action. Under such plea the defendant can show in justification a judgment and execution, and that the defendant, as an officer, took the goods as the property of the judgment debtor therein named (*Snook v. Davis* 6 Mich. 156); that the defendant as sheriff seized the same goods on a lawful writ from plaintiff, and continued lawfully to hold the same. *Belden v. Laing* 8 Mich. 503. The proof offered was a link in the chain of testimony tending to show that the title was in the defendant at the time of the commencement of suit, and that, as special administrator, he was entitled to the possession of the property. The testimony was admissible under the plea of the general issue, without notice.

The testimony of the witness Seymour, relative to the negotiations had between him and McArthur, was rightly excluded. The record shows that Angus McArthur was, at the time of his decease, in the employment of the corporation plaintiff, and was in possession of the horse in question

at that time, and it was claimed by the defendant that McArthur had purchased the horse from the plaintiff and had paid nearly all of the purchase price. Plaintiff denied having made an absolute sale of the horse to McArthur, and the real question in the case was whether a sale had been made or not.

If Seymour was an officer or agent of plaintiff at the time to which his testimony was directed, it mattered not that he had since ceased to be such officer or agent—his testimony was inadmissible under the statute. Any other construction would render the statute nugatory.

Where the suit is not brought against the defendant in his representative character, and his defense is based upon his being an administrator, it is within the province of the trial judge, in order to enable him to rule correctly upon the admissibility of testimony under the statute, to permit proof of such character out of the regular order. This course was pursued in this case. There was no abuse of discretion, and no error in the ruling of the circuit judge in excluding Seymour's testimony at that stage of the case.

The defendant contended that the justice had no jurisdiction, and relied upon How. Stat. § 6815, which provides that "No justice of the peace shall have cognizance of * * * actions against executors or administrators as such, except in the cases specially provided by law." And the circuit judge took the same view and charged the jury as follows:

"*Gentlemen of the Jury:* This action was brought in magistrate's court against a special administrator of an estate. The statute prohibits a justice of the peace from trying or having such an action. He has no jurisdiction in such an action, as I understand the statute, and the defendant is entitled to a judgment for a return of the property, ordinarily. But in this case defendant waives return, and asks a judgment for the value of the property. There is no testimony with regard to the value, except the testimony of Mr. Benjamin; that is, $100. If you believe him as to the value, render a verdict for that amount."

We think the court erred. If it be assumed that the justice had no jurisdiction to entertain an action against an

administrator, as such, yet if the administrator appears in a case when he is not named as such, and does not raise the question by plea in abatement, but interposes merely the plea of general issue, the question of jurisdiction would be closed when such parties proceeded to trial upon the merits. *Henderson v. Desborough* 28 Mich. 170.

But the justice was not prohibited by the statute from trying the suit, even if the defendant had been sued as special administrator. The statute contains an important exception, and the action of replevin comes within the excepted cases. How. Stat. § 5902 enacts that when commissioners are appointed, as provided in Chapter 224, for examining or allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover seizin or possession of real estate, and actions of replevin. Section 5947 enacts that " In no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator." The manifest object of the statute is to permit suits to be brought against executors and administrators to try the title or right to possession of both real and personal property during the progress of the settlement of the estate. It is quite important that such rights should be determined before the estate can be settled and distributed among creditors or others entitled to a share on final distribution. It was also the object of the statute, when commissioners on claims are appointed, that all who have claims which are subject to be paid out of the assets shall present them to the commissioners for examination and allowance, and to protect the executor or administrator from being harassed with suits by creditors of the estate. The court should have permitted the case to go to the jury upon the testimony relating to the merits of the controversy.

The judgment is reversed with costs of both courts and a new trial ordered.

The other Justices concurred.

Motion for rehearing.    Decided April 8, 1885.

*Trask, Grout & Smith* for the motion.

*Holden & Harris* against.

PER CURIAM.    In this case a motion for a rehearing has
been made for the purpose of obtaining a modification of
the judgment relative to costs.    The circuit judge, on the
trial below, directed a verdict for the defendant, basing his
instructions upon the case of *Basom v. Taylor* 39 Mich. 682.
We reversed the judgment rendered on this verdict, with
costs, and ordered a new trial.    On this motion both parties
have filed affidavits, which have been duly considered.    The
contest relates to the title of the property replevied, upon
which the evidence is conflicting and proper to be passed
upon by a jury.    The ruling of the court below took .the
consideration of the evidence from the jury and rendered a
new trial necessary.    Under the circumstances we think the
judgment entered in this case at the last term should be
modified so that the costs of the circuit court shall abide the
event of a new trial; and it is so ordered.