CAPLAN *v.* RAUSCH.

1. SPECIFIC PERFORMANCE — LAND CONTRACT — VENDOR AND PURCHASER.

Where the vendee in a land contract failed to make payment on the agreed date or on the extended date, six days later, his suit for specific performance was properly dismissed on the ground that time was of the essence of the contract.[1]

2. SAME—DISCRETIONARY WITH COURT.

Specific performance of a land contract is discretionary with the court.[2]

---

[1]Specific Performances, 36 Cyc. p. 709; [2]Id., 36 Cyc. p. 548.

3. SAME — VENDEE IN DEFAULT NOT EQUITABLY ENTITLED TO
SPECIFIC ENFORCEMENT.
  Where the vendee in a land contract failed to make pay-
    ment on the agreed date or on the extended date, he was
    not equitably entitled to the specific enforcement of the
    contract.[3]

Appeal from Macomb; Reid (Neil E.), J.   Sub-
mitted June 25, 1926.   (Docket No. 28.)   Decided
July 22, 1926.   Rehearing denied October 4, 1926.

Bill by Joseph J. Caplan against Henry Rausch for
specific performance of a land contract.   From a de-
cree dismissing the bill, plaintiff appeals.   Affirmed.

*Morse & Goldstick* (*A. Joseph Seltzer,* of counsel),
for plaintiff.

*Bert V. Nunneley* and *James E. Spier,* for defend-
ant.

BIRD, C. J.   The parties executed the following
agreement on the 13th day of February, 1925:

"Articles of agreement made and entered into on
this thirteenth day of February, 1925, by and between
Henry Rausch, party of the first part, and Joseph J.
Caplan, party of the second part.
  "First party hereby agrees to sell to second party
the following described premises:   Situated in the
township of Erin, Macomb county, State of Michigan,
described as forty acres more or less lying in the north-
west quarter of the northeast quarter of section 29
of fractional township 1 north, range 13 east, bounded
by lands on the west owned by George Ternes,
east by Prasse property, north by the Kern road and
south by the Brennimann road; for the sum of twelve
hundred and sixty dollars per acre, acreage to be de-
termined by surveyors at the expense of first party.
It is understood that all improvements are included
in this sale.   Payment to be made as follows:   One

[3]Specific Performances, 36 Cyc. p. 709.

thousand dollars to be paid upon signing this agreement, receipt of which is hereby acknowledged and the payment of the further sum of nine thousand dollars on or before May fourteenth, 1925, and balance as hereinafter provided.

"First party agrees to give a warranty deed, free and clear of all incumbrance and take back a first mortgage for the balance remaining, on all unpaid sums. This mortgage to be as follows:    Time limit to be seven years with a clause stipulating: Payable on or before seven years, yearly payments of five thousand dollars including interest, payable annually.    All unpaid sums to bear interest at the rate of six per cent. per annum.

"First party hereby agrees to release from said mortgage any certain acre of ground or part thereof designated by the buyer or his assigns upon the payment to the said seller of an additional sum of two thousand dollars per acre, or part thereof per ratio, which sum shall be credited to the last payment becoming due.

"Possession to be given at time of settlement, on or before May 14th, 1925.

"Owner reserves for his own uses the wheat now planted on said farm, but does not object to second party subdividing and the laying of streets and sidewalks through said wheat.    Owner further reserves all electric fixtures in the house for his own uses.

"The seller hereby agrees to join in a plat with the buyer or his assigns.

"The seller agrees to give to buyer at his own expense an abstract brought to date of time title passes, showing a good marketable title in the seller.    All taxes are to be paid up to time title passes.

"Henry Rausch hereby agrees to pay his agents, Dalton and Schmitt, a commission of five per cent. of the sale price of said property for services rendered, payable when the purchaser is ready and willing to carry out the above agreement, the total commission to be paid out of the down payment to be made on or before May fourteenth, 1925.

"It is further understood that Henry Rausch has the privilege of occupying the house until October the first, 1925.

"Second party hereby agrees to purchase the above

premises upon the terms and conditions stated and to close the deal on or before May fourteenth, 1925.

"In witness whereof, we have hereunto set our hands and seals this thirteenth day of February, nineteen hundred and twenty-five.

"It is further understood that the above described land cannot be sold to colored people until the amount of twenty-five thousand dollars has been paid to Mr. Rausch.

"HENRY RAUSCH,<br>"JOSEPH J. CAPLAN.

"In presence of:
  "GEORGE A. SCHMITT,
  "WILLARD J. WORKMAN,
  "ROSE WORKMAN,
  "MICHAEL SHEDBAUER.

"For good consideration time for closing above deal is extended to and including Wednesday, May 20, 1925, provided deal shall then be closed on basis of land contract instead of deed and mortgage, payments to correspond with above provision except down payment to be $5,000.00 and $5,000.00 in six months.   And said contract shall be dated and draw interest from May 14th, 1925.

"Dated: May 13, 1925.

"HENRY RAUSCH,<br>"JOSEPH J. CAPLAN."

On May 14th plaintiff did not make payment, as agreed, but secured an extension the preceding day to May 20th.   He did not make payment on May 20th. Defendant was later notified that plaintiff would be ready to make payment on the 25th of May.   The extended time had expired, and defendant refused to go to Mt. Clemens on the 25th.   Plaintiff then filed this bill to enforce specifically the contract.

The agreement is not an option because defendant offered to sell and plaintiff agreed unconditionally to buy.   It is, in substance, a land contract, although the parties treated it as a "preliminary agreement" to make a land contract.   The chancellor concluded, for several reasons, that time was of the essence of the

contract, and refused to enforce it.     Presumably because the contract provided for no forfeiture of the advance payment, the court ordered the $1,000, which plaintiff had paid, returned to him.

We have no criticism to make of the chancellor's conclusion, but think an additional ground might have been assigned for his refusal, namely: That an action for specific performance is discretionary with the court, and that there was nothing in the circumstances surrounding the deal which called upon the court to exercise its discretion.     Plaintiff did not comply with the contract.     He paid no attention to the extended date.     He kept no agreements that he made concerning the deal.     Under such circumstances there is no equity presented by plaintiff.     If he were desirous of compelling the defendant to keep his agreement after his obligation had expired, he should have made some effort to have kept his own while the agreement was in force.     Plaintiff presents no equity which entitles him to relief.

Decree affirmed, with costs to defendant.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.