CHAPPUS *v.* LUCKE.

1. TRUSTS—SPECIFIC PERFORMANCE MAY NOT BE GRANTED AGAINST TRUSTEES WHO FAILED TO QUALIFY.

Specific performance of a contract to sell land belonging to a trust estate may not be granted where the contract was executed by persons named as trustees but who had not qualified as such under the statute (3 Comp. Laws 1915, § 14052 *et seq.*).

2. SAME—TESTAMENTARY TRUSTEE MAY NOT CONVEY TRUST PROPERTY UNTIL HE HAS QUALIFIED.

Under 3 Comp. Laws 1915, § 14052 *et seq.*, a person named as testamentary trustee has no authority to convey trust property until he has qualified by giving bond and letters of trusteeship have been ordered.

3. SAME—PURCHASER FROM TRUSTEE PUT UPON INQUIRY AS TO VALIDITY OF TRANSACTION.

A purchaser of trust property from one assuming to act as trustee is put upon inquiry as to the validity of the transaction, and may not rely upon the claim of good faith.

---

As to effect of inability of vendor to perform as a condition precedent to his right to rescind or declare a forfeiture, see annotation in 3 L. R. A. (N. S.) 103.

4. VENDOR AND PURCHASER—DEFAULT—FORFEITURE.
   When time of payment is made of the essence of the contract, failure to pay at the appointed time justifies immediate forfeiture.

5. SAME—VENDOR'S WANT OF TITLE IF KNOWN NO EXCUSE FOR VENDEE'S FAILURE TO PERFORM.
   A person may lawfully contract to sell land which he does not own, and, if his want of title is known to the vendee, it gives the latter no right to rescind before the time fixed for performance, or at least before demand for title is made, and it furnishes no excuse for the vendee's failure to perform.

6. SAME—FORFEITURE—TRUSTEES' WANT OF TITLE WHERE KNOWN NO EXCUSE FOR BREACH OF CONTRACT.
   Where the vendee in a land contract knew that the vendors had no personal title and could not obtain title as trustees until they had qualified as such, and that the time when the vendors could obtain alienable title was uncertain, but the time of ·payment of instalments was made absolute and forfeiture provided for default therein, the vendors' want of title did not excuse the vendee from making payments or give him the right to relief from forfeiture for nonpayment.

7. SAME—EQUITY—RIGHT TO RELIEF FROM OWN FAULT.
   A vendee who breaches a land contract by failing to. make payments is not equitably entitled to have its cancellation set aside, where his default was in no way due to the vendors, it is not explained or excused, and vendors have placed him practically *in statu quo ante.*

Appeal from Monroe; Root (Jesse H.), J. Submitted January 15, 1929. (Docket No. 110, Calendar No. 34,106.) Decided March 29, 1929.

Bill by Samuel Chappus against Ralph A. Lucke and another, individually and as trustees under the last will of Jacob J. Lucke, deceased, to relieve from the forfeiture of a land contract, and for specific performance thereof. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Clark, Klein, Ferris & Cook,* for plaintiff.

*Golden & Nadeau,* for defendants.

Fead, J. In the will of Jacob J. Lucke, who died January 1, 1925, a resident of Ohio, defendants, his children, were named as executors and also trustees. The estate was devised to them as trustees, in trust to pay their mother $3,500 per year for her life time, out of income if possible and out of principal if necessary. At her death defendants are to take the residue. The estate was immediately probated in Ohio, administered, defendants were appointed trustees on February 18, 1926, and duly qualified as such. There being lands in Michigan, the will was admitted to probate in Monroe county, and defendants qualified as executors on April 28, 1925. As executors they had no power to sell real estate except under special order of the probate court. They have never qualified as trustees in this State.

August 27, 1925, defendants, as trustees, contracted to sell 160 acres of land in Monroe county to plaintiff for $22,000, of which $7,000 was paid down, deferred payments to be $1,000 or more annually, with interest. The title was defective, and defendants contracted to immediately institute action to quiet title, and, in the event it was not quieted within six months, plaintiff could take action to that end at defendants' expense. Defendants instituted suit as executors in December, 1925, and had decree quieting title in April, 1926.

Working with plaintiff in the transaction, and continuing to represent him after the contract was executed, was J. A. Marentette, of the Marentette Realty Company. Before the sale they had an abstract and opinion of an attorney, outlining defects in the title and calling attention to the necessity for

probate of the estate in Michigan and assignment of residue to defendants as trustees before their title could be approved. When the contract was executed, plaintiff knew defendants had not qualified as trustees. He accepted the contract upon trust that defendants would complete it after their appointment. The deal was conducted with Ralph A. Lucke, who, upon a suggestion to that effect, refused to enter into a personal contract for the sale. His sister merely signed the papers.

On February 27, 1926, an interest instalment was due. It was not paid. On March 12th and 13th defendants mailed notices of cancellation of the contract from Toledo, Ohio, to plaintiff, one to his home address at Windsor, Ontario, and the other to Marentette Realty Company, Inc., at Detroit. In the notice defendants declared the contract canceled and void for plaintiff's failure to pay the interest instalment, and notified plaintiff they had deposited $7,000 to his order at a bank in Carleton, near the land. The money is still at plaintiff's disposal. Plaintiff had been sick and had instructed Mr. Marentette to pay the interest. The latter offered no reason for not making the payment. After notice of cancellation was received, Marentette sent a check for the interest, which was returned to him. He later tendered the cash, and, in June, he and plaintiff made tender of the whole balance of the contract and demanded a deed. The tenders were refused. Plaintiff commenced this suit to be relieved of the forfeiture, as a basis for a decree or separate action for damages against defendants individually for failure to perform the contract, and also asked specific performance.

As the property belongs to the trust estate, specific performance cannot be granted. A person

named as testamentary trustee has no authority to convey trust property until he has qualified by giving bond and letters of trusteeship have been ordered. 3 Comp. Laws 1915, § 14052 *et seq.; Chapin* v. *Chapin,* 229 Mich. 515. His assuming to act even in honest belief in his power does not confer authority upon him, and a purchaser of trust property from him is put upon inquiry as to the validity of the transaction and cannot rely upon the claim of good faith. *Gibney* v. *Allen,* 156 Mich. 301. The contract had no validity as an engagement of trustees.

Plaintiff contends that defendants are individually liable for failure to perform the contract they made as trustees. *Feldman* v. *Preston,* 194 Mich. 352; *Packard* v. *Kingman,* 109 Mich. 497. Defendants do not controvert the proposition, but rely on forfeiture or rescission for plaintiff's default in making payment. Most of the perplexities of the situation suggested by counsel disappear if it be kept in mind that right of action against defendants individually is grounded upon the theory that the contract, although unenforceable as an engagement of trustees, is to be treated and was valid as a personal undertaking.

When time of payment is made of the essence of the contract, failure to pay at the appointed time justifies immediate forfeiture. *Caplan* v. *Rausch,* 235 Mich. 693. Plaintiff, however, invokes the rule that a vendor cannot forfeit a land contract when he does not have title and cannot himself perform. *Getty* v. *Peters,* 82 Mich. 661 (10 L. R. A. 465); *Bartlett* v. *Smith,* 146 Mich. 188 (117 Am. St. Rep. 625, 3 L. R. A. [N. S.] 103, note). This rule is undoubtedly applicable when the contract or the parties contemplate that vendor shall have title when

the payment is due. It does not apply here. A person may lawfully contract to sell land which he does not own. If known to the vendee, such want of title gives the latter no right to rescind before the time fixed for performance, or at least before demand for title is made. 39 Cyc. p. 1410. The corollary is that it furnishes no excuse for failure to perform. Plaintiff knew defendants had and could acquire no personal title, except such as might devolve upon them in the contingency of their mother's death; and that they could not obtain title as trustees until they had qualified as such. Parenthetically, he must also have known that when they so qualified it would become their duty to exercise their judgment in the best interests of the estate, regardless of the contract before made. The contract was made with recognition of the fact that the time when defendants could obtain alienable title was uncertain. It did not require a showing of title until the purchase price had been paid. Instalments of purchase price were not made dependent upon title, but the time of their payment was made absolute and forfeiture provided for default therein. Under this contract, title could not be considered as a condition of payment or of forfeiture. Nor could the contract obligation of defendants to bring suit to quiet title prevent forfeiture, as the contract provided a specific remedy for failure to bring such action, and also because defendants, having begun suit, were not in default. The forfeiture was effective.

Assuming it may be done, the case does not present equities running to plaintiff which would justify a court in setting aside the cancellation of the contract. Plaintiff breached the contract. His default was in no way due to defendants. It was not explained nor excused. Defendants have placed him

practically *in statu quo ante*. Plaintiff is asking relief from his own fault or that of his representative, not to save himself from loss, but to obtain profit through imposing personal liability upon defendants who had refused to assume such liability when the contract was made. Such result would be unjust to defendants. The other questions need no discussion.

Decree of the circuit court dismissing the bill is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. CLARK, J., did not sit.