MARSHALL FIELD & CO. v. HIMELSTEIN.

1. EXECUTORS AND ADMINISTRATORS—ORDINARILY ADMINISTRATOR HAS NO AUTHORITY TO CONTINUE INTESTATE'S BUSINESS.
    Except by order of court, direction in will, or by consent of all parties interested, administrator has no authority to continue business which was being conducted by intestate when he died.

2. SAME—POWER TO BIND ESTATE.
    Administrator continuing intestate's business without authority has no power to bind estate.

3. SAME—JUSTICES OF PEACE—JURISDICTION—STATUTES.
    Where administrator continues intestate's business without authority, justice's court has jurisdiction in action against him personally for merchandise bought in connection with said business, notwithstanding 3 Comp. Laws 1929, § 15982, providing that no justice of peace shall have cognizance of actions against executors or administrators as such, since in contracting said debt he was acting as individual and not in representative capacity.

Case-made from Kent; Perkins (Willis B.), J. Submitted January 9, 1931. (Docket No. 75, Calendar No. 34,137.) Decided February 27, 1931.

Assumpsit by Marshall Field & Company, an Illinois corporation, against Harry Himelstein in justice's court for goods sold and delivered. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff is reviewed by case-made. Affirmed.

*Travis, Merrick & Johnson,* for plaintiff.

*Samuel H. Himelstein,* for defendant.

As to power of court to permit carrying on business of estate by executor or administrator, see annotation in 40 L. R. A. (N. S.) 210.

McDonald, J. This is an action for goods sold and delivered. At the time the indebtedness was incurred the defendant was administrator of the estate of Abraham Himelstein, deceased. After qualifying as such, he continued the business in which his intestate was engaged when he died. He purchased merchandise from the plaintiff on credit, failed to pay the account when due, and was sued personally in justice's court. He moved to dismiss on the ground that the justice's court had no jurisdiction. Judgment went against him. He appealed to the circuit, where his motion was renewed and denied. The case was then tried by the court without a jury, and resulted in a judgment for the plaintiff. The defendant has brought error, his principal ground for reversal being that the justice's court has no jurisdiction of this action because of section 14169, 3 Comp. Laws 1915 (3 Comp. Laws 1929, § 15982), the applicable part of which reads:

"No justice of the peace shall have cognizance of * * * actions against executors or administrators as such, except in cases specially provided by law," etc.

Except by order of the court, direction in a will, or by consent of all the parties interested, an administrator has no authority to continue the business which was being conducted by his intestate when he died. Having no such authority, it is his duty to liquidate the estate without undue delay. *Swaine* v. *Hemphill*, 165 Mich. 561.

In the instant case, defendant had no authority to continue the business. It was a personal undertaking altogether outside of his duties as administrator. He was not acting for his estate. He could not bind it by any of his contracts. His creditors

could not sue him in his representative capacity. Their only remedy would be in an action against him personally. Such is the action in this case. Is the justice's court without jurisdiction to hear it? The statute bars jurisdiction in cases only when the action is against the administrator "as such." It does not deny jurisdiction when the action is against the administrator personally for a debt which does not arise out of the administration of the estate but is wholly disconnected therewith. In determining the question of jurisdiction in such cases, the controlling fact is whether the subject-matter of the suit is connected with the administration of the estate, and whether the estate would be affected by the judgment. If it is in no way involved, there is no reason why the justice's court cannot take cognizance of the action. Such was the holding in *Basom* v. *Taylor*, 39 Mich. 682. In that case, action was brought in justice's court against the administrators for the distributive shares of an estate in the amounts adjudged by the probate court. It was held that the justice's court had no jurisdiction because the action was brought against the administrators officially to reach assets of the estate in their hands. The administration of the estate was involved. If judgment were obtained and paid, it would diminish the assets of the estate, for the administrators would be entitled to credit for such payment in their final settlement in probate court. For these reasons the court held the claim was in fact against the estate and could not be prosecuted in justice's court. The theory of the law in denying jurisdiction to justice's courts is well stated in *Wells* v. *Newkirk*, 1 Johnson's Cases (N. Y.), 228. It does not apply to the instant case. In conducting the business without authority, the defendant here

was not performing any duty as administrator. His contracts were not binding on the estate. His creditors could not look to the estate for payment of his debts. He alone was liable, and, if he paid for any goods received while conducting the business, the probate court could not reimburse him out of the assets of the estate. The plaintiff could not sue him in his representative capacity. His only remedy was an action against him as an individual. The statute does not deny jurisdiction to justice's courts where action is brought against an administrator personally on a claim in no way connected with his official duties. On the facts in the case before us, we think the justice's court had jurisdiction and that the action was properly brought.

Other alleged errors do not require discussion. They are without substantial merit.

The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.