NATIONAL BANK OF COMMERCE OF DETROIT v. B. W. MARR
& CO.

1. CORPORATIONS—ACT ONLY BY OFFICERS AND AGENTS.
   Corporations act only by their officers and agents.

2. SAME—PRESIDENT HAS NO IMPLIED POWER TO BIND.
   The president of a corporation has no implied power to bind the corporation by his signature.

3. SAME—NO PRESUMPTION THAT PRESIDENT MAY USE CORPORATION NOTE TO PAY PERSONAL DEBTS.
   There is no presumption that the president of a corporation has a right to use a note belonging to the corporation, or the proceeds thereof, to pay his individual debt.

4. SAME—AUTHORITY OF PRESIDENT TO INDORSE CORPORATION'S NOTE.
   President's indorsement on a note belonging to the corporation was not binding on it in absence of authority of president to so indorse it or ratification by the corporation.

5. BILLS AND NOTES—FRAUD—HOLDER IN DUE COURSE.
   That note was fraudulently obtained does not necessarily render it void in hands of holder.

6. SAME—INDORSEMENT BY AGENT—NOTICE.
   An indorsee of commercial paper has no right to disregard any circumstances known to him calculated to lead a prudent man to suspect that the indorser might be acting in fraud of his principal.

7. SAME—FRAUDULENT INDORSEMENT OF VALID NOTE DOES NOT RELIEVE MAKER.
   If promissory note was valid as against the maker, his liability would remain though it was fraudulently indorsed and transferred, since it would make no difference to him who held the note.

8. SAME — FRAUDULENT INDORSEMENT — NOTICE — HOLDER IN DUE COURSE.
   Where promissory note payable to corporation was fraudulently obtained from maker, and transferred to bank by indorsement of corporation's president, who used the proceeds to pay per-

Authority of president of corporation to indorse and transfer commercial paper, see annotation in 12 A. L. R. 130.

sonal obligations, the bank, which had notice from the face of the note that it belonged to corporation, was not an innocent holder for value.

Error to Wayne; Sprague (Victor D.), J., presiding. Submitted April 14, 1931. (Docket No. 84, Calendar No. 35,260.) Decided June 1, 1931. Rehearing granted October 5, 1931.

Assumpsit by National Bank of Commerce of Detroit, a Federal banking corporation, against B. W. Marr & Company, a corporation, Asa L. Hill, and P. E. Vandermade on a promissory note. Judgment for plaintiff. Defendant Hill brings error. Reversed, and new trial ordered.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiff.

*Bratton & Bratton,* for defendant Hill.

POTTER, J. Plaintiff sued defendants in assumpsit on a promissory note as follows:

"Detroit, Mich., Dec. 11, 1926.
"$2500
"Ninety days after date, I promise to pay to the order of B. W. Marr & Co. two thousand five hundred and no/100 dollars payable at National Bank of Commerce. Value received with six per cent. interest per annum.
"No........... Due Mar. 11, 1927.
        (Signed)    "A. L. HILL
                "2028 Longfellow Av."

On face of note:

"Protested for non-payment
"GEORGE P. MIERAMO, Notary Public."

On back of note:

"B. W. MARR & Co. (Sgd.) by B. W. MARR, Pres. "P. E. VANDERMADE (Sgd.)"

Defendant Hill pleaded the general issue; gave notice the note was procured by fraud; that plaintiff was not an innocent holder for value; that B. W. Marr, who indorsed the note at the time it was acquired by the bank, was not authorized to indorse the note, and the bank had knowledge the note was being used for Marr's personal benefit. From a judgment for plaintiff, defendant Hill brings error. The principal error relied upon is that the court erred in holding the plaintiff was an innocent purchaser for value without notice. There is no question but appellant's note was fraudulently procured from him by Marr without consideration. Marr negotiated the note to defendant Vandermade, indorsing it in the company's name and using the proceeds from its sale for the payment of his personal obligations. When plaintiff acquired the note no inquiry was made as to Marr's authority to indorse it. The authorized signature of the company held by the bank with which it transacted business required the names of both Marr, the president, and of Novy, the treasurer, of the corporation, to transfer its funds. Corporations act only by their officers and agents. The president of a corporation has no implied power to bind the corporation by his signature.

There is no presumption that Marr, though he was president of the corporation, had a right to use the note or the proceeds thereof to pay his individual debt. The indorsement was not binding upon the corporation without actual authority or ratification. *Gould* v. *W. J. Gould & Co.,* 134 Mich. 515 (104 Am. St. Rep. 624, 2 Ann. Cas. 519). The

original note being fraudulent, does not make it so in the hands of plaintiff.

"To constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." 2 Comp. Laws 1929, § 9305.

Bad faith may of course be shown by evidence of actual knowledge of the purposes for which the paper was given. An indorsee of commercial paper has no right to disregard any circumstances known to him calculated to lead a prudent man to suspect the indorser might be acting in fraud of his principal. Plaintiff, from the face of the note, had notice it originally belonged to the corporation.

In *Wagner Trading Co.* v. *Battery Park Nat'l Bank,* 228 N. Y. 37 (126 N. E. 347, 9 A. L. R. 340), plaintiff, a New York corporation, acquired the assets and business before that time conducted by Christopher J. Wagner, who became a stockholder in and president of the corporation. Wagner had a personal account with defendant and deposited therein checks signed "Wagner Trading Company, C. J. Wagner, Pres." These notes were countersigned. They were indorsed by C. J. Wagner, and collected through the clearing house in the usual course of business, the proceeds being credited to his personal account. The court said:

"The plaintiff had no relations with and owed no special duty to the defendant. It was not a depositor of the defendant. When the defendant accepted the deposit of Wagner and became his banking agent, the defendant was in complete control of its relations with Wagner. It could, to safely

protect itself in its dealings with Wagner, inquire as to his relations with the plaintiff, the authority he possessed, and could insist upon an examination of the plaintiff's by-laws and minutes if it thought that necessary to protect itself. When it accepted the checks payable to the plaintiff and indorsed by Wagner as president of the plaintiff for deposit to the account of Wagner himself, it did so at its peril to ascertain whether Wagner had authority to indorse them and by his indorsement transfer the money to be paid thereon to his personal account. *Cheever* v. *Railroad Co.,* 150 N. Y. 59 (44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646); *Ward* v. *City Trust Co.,* 192 N. Y. 61, 71 (84 N. E. 585). If Wagner had no such authority, title to the money in question never passed to the defendant and if it received it, it did so without authority and must account and make payment to the owner. *Schmidt* v. *Garfield Nat'l Bank,* 64 Hun, 298 (19 N. Y. Supp. 252), affirmed in 138 N. Y. 631 (33 N. E. 1084); *Sims* v. *United States Trust Co.,* 103 N. Y. 472 (9 N. E. 605); *Fidelity & Deposit Co.* v. *Queens County Trust Co.,* 226 N. Y. 225, 233 (123 N. E. 370)."

It is contended the appellant cannot raise the question of the validity of the original note, and cases are cited to sustain that position. They are not applicable. If appellant's note was a valid note against him, then, though it was fraudulently indorsed and transferred by Marr or the company, his liability would remain the same. It would make no difference to him who held the obligation. Under such circumstances the maker of a note cannot raise the question of its fraudulent or otherwise invalid transfer, but such is not this case. Here, appellant's liability depends upon the validity of the indorsement of the note by Marr in the company's name, and there is nothing to take the case out of

the rule of *Wagner Trading Co.* v. *Battery Park Nat'l Bank,* above cited. Judgment reversed, with costs, and new trial ordered.

BUTZEL, C. J., ˙and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.