MANUFACTURERS' FINANCE CORP. v. ESTATE OF ANDARY.

1. BILLS AND NOTES—TRADE ACCEPTANCES—HOLDER IN DUE COURSE.
   Holder of trade acceptances which are negotiable instruments is
   deemed *prima facie* to be a holder in due course (2 Comp.
   Laws 1929, § 9308).

2. SAME—TRADE ACCEPTANCES—CONTEMPORANEOUS AGREEMENT.
   Trade acceptances executed and delivered contemporaneously
   with sales agreement, in effect a chattel mortgage, *held*, nego-
   tiable instruments.

3. SAME—TRADE ACCEPTANCES—GOOD FAITH—PRESUMPTIONS.
   Unsupported claims of bad faith *held*, insufficient to overcome
   statutory presumption that purchaser of trade acceptances for
   value before maturity purchased same in good faith without
   knowledge of claimed defenses thereto and was a holder in
   due course (2 Comp. Laws 1929, § 9308).

4. SAME—BREACH OF WARRANTY—DEFENSE—HOLDER IN DUE COURSE.
   In suit by holder in due course of trade acceptances mere knowl-
   edge of assignor's warranty as to talking movie machine for
   which acceptances were given, is not equivalent to knowledge
   and notice of fraud in the warranty or breach of it which may
   be set up as a defense or furnish basis for action against plain-
   tiff by acceptor (2 Comp. Laws 1929, §§ 9306, 9308).

5. EXECUTORS AND ADMINISTRATORS — CONTRACTS — PERSONAL LIA-
   BILITY.
   Executrix's use of her official title in making contract does not
   avoid her personal liability thereon in absence of stipulation
   exempting her in case her authority to act for the estate is
   found lacking.

6. CORPORATIONS—FOREIGN—ADMISSION TO DO BUSINESS—ACTIONS.
   Recovery from acceptor by holder in due course of trade accept-
   ances is not precluded by fact that neither it nor its assignor,
   both foreign corporations, had not been admitted to do busi-
   ness in the State (Comp. Laws 1929, §§ 10118, 10120, 14027).

---

* Continued from Vol. 268.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted June 13, 1934. (Docket No. 13, Calendar No. 37,555.) Decided October 1, 1934.

Assumpsit by Manufacturers' Finance Corporation, a New York corporation, against the Estate of J. M. Andary, Mary Andary, as executrix thereof and individually, on trade acceptances. Cross-declaration for breach of alleged warranties. Judgment for defendants on cross-declaration. Plaintiff appeals. Reversed.

*Hudson & Coates, Butzel, Levin & Winston* (*Carl L. Whitchurch* and *A. J. Levin,* of counsel), for plaintiff.

*F. T. McDonald,* for defendants.

BUSHNELL, J. Plaintiff, a New York corporation, submitted this action against defendants, on 39 trade acceptances totaling $1,462.50, to trial without a jury. It claimed to have purchased the paper for value before maturity from Biophone Corporation, a New Jersey corporation, without any notice of adverse claims. Neither company was admitted to do business in Michigan.

Defendant executrix admitted the operation of the Colonial Theatre in the city of Sault Ste. Marie by the estate; the purchase of a talking moving picture machine, and the execution of the papers involved; but averred that she was not lawfully authorized to bind the estate. The good faith purchase of the trade acceptances by plaintiff is denied. It was claimed that both the equipment and its installation were imperfect and the apparatus was not a "first quality and pure tone talking movie machine" as represented by seller's agents.

Testimony was taken before the court without a jury and the cause submitted on February 29, 1932. Almost a year and a half later, over plaintiff's formal objection, the court permitted defendants to amend the pleadings by adding a cross-declaration, claiming damages because of seller's breach of express and implied warranties. Several months later a judgment was entered for defendants in the sum of $5,000, with nothing to plaintiff, which appeals.

The estate paid $1,000 at the time it purchased the machine, and thereafter made 65 weekly payments of $37.50 each, it being sharply disputed whether failure to make the 39 other weekly payments was due to dissatisfaction with the performance of the equipment or inability to secure a credit on its indebtedness, the seller having in the meantime placed on the market an improved machine at a lower price.

Among the exhibits are the acceptances, reciting the purchase of goods by the acceptor; the license agreement, the hybrid nature of which is recognized in seller's assignment, in which it is described as a "conditional sale contract/lease/chattel mortgage;" the guaranty by seller of the acceptances, therein designated as "notes;" and various correspondence between defendants and the seller, but nothing indicating any dealings between the parties to this controversy, prior to suit. The assignment covering the acceptances, the first of which matured June 3, 1929, is dated April 23, 1929. Defendants' last payment was made to seller on April 27, 1929. The correspondence indicates faulty operation of certain parts of the apparatus, and shows unsuccessful attempts to secure a reduction from the purchase price. Nowhere is there any intimation of a transfer of title to the notes. Defendants were apparently unaware of the transfer, because seller was

informed that a trade acceptance was protested and the letter of defendants added:

"And we will protest all others until we get the adjustment that is rightfully ours."

The first theatrical production of sound pictures was late in 1928. At the time of installation of the machine in question, January, 1929, the industry was in an experimental stage; trained operators were few and producers had not yet been able to turn out high quality records. Whatever may have been the reasons for the unsatisfactory performance in defendants' theatre, the case presents questions of law upon which the entire controversy may be determined.

If the trade acceptances are negotiable instruments, plaintiff is deemed *prima facie* to be a holder in due course. 2 Comp. Laws 1929, § 9308. We held in *Federal Commercial & Savings Bank* v. *International Clay Machinery Co.,* 230 Mich. 33 (43 A. L. R. 1245), that similar trade acceptances were negotiable instruments and this is true notwithstanding their execution and delivery contemporaneously with a sales agreement which was in effect a chattel mortgage. *Northwestern Finance Co.* v. *Crouch,* 258 Mich. 411.

We have searched the record for testimony tending to overcome the statutory presumption and all we find is that plaintiff examined the license agreement prior to the purchase of the paper, but there is no showing of any knowledge of defendants' claim, nor is there anything in the contract by which plaintiff may have been put on notice.

Unsupported claims of bad faith are not sufficient. Courts require competent evidence of a preponderating nature for the determination of litigated disputes.

"Where the testimony of plaintiff's *bona fides* is undisputed, it is the duty of the court to so charge the jury; and that question should not be submitted to them." *Van Slyke* v. *Rooks,* 181 Mich. 88.

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." 2 Comp. Laws, 1929, § 9306.

We held in *East Lansing State Bank* v. *Keil,* 213 Mich. 17, that mere knowledge and notice of a warranty are not equivalent to knowledge and notice of fraud in the warranty · or breach of same. Such breach could not be set up as a defense in a suit by the purchaser. *Miller* v. *Ottaway,* 81 Mich. 196 (8 L. R. A. 428, 21 Am. St. Rep. 513). Neither does such a breach give rise to an action against a good-faith holder who has no knowledge of the breach of warranty. See *Hakes* v. *Thayer,* 165 Mich. 476, 487; *National Bank of Commerce of Detroit* v. *B. W. Marr & Co.,* 254 Mich. 333, and *Lincoln Investment Co.* v. *Metros,* 257 Mich. 215.

Mere use of an official title does not avoid personal liability in the absence of an express stipulation of such exemption in the event of lack of the trustee's authority to bind *cestuis que trustent. Feldman* v. *Preston,* 194 Mich. 352; *Chappus* v. *Lucke,* 246 Mich. 272, and *Marshall Field & Co.* v. *Himelstein,* 253 Mich. 355.

Without further discussion of the facts, we hold that neither plaintiff nor its assignor were doing business in Michigan and, therefore, 2 Comp. Laws 1929, §§ 10118, 10120, and 3 Comp. Laws 1929, § 14027, are not applicable in the instant case. See *Cleveland Cooperage Co.* v. *Detroit Milling Co.,* 235 Mich. 57, 60.

The seller, Biophone Corporation, was not a party to the action. The buyer's claim, if any, was against the seller and the issues raised by the cross-declaration could not be tried in the instant case.

The judgment heretofore entered is reversed. The cause is remanded to the trial court for entry of a judgment for plaintiff. Costs to appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.